**Mario CANTU, Bruno Escamilla and Cresencio Gutierrez, Appellants,**

v.

**Benjamin SAMPLES et al., Appellees.**

**No. 16169.**

Court of Civil Appeals of Texas,
San Antonio.

April 11, 1979.

Rehearing Denied May 9, 1979.

Edward Camara, Jr., Peter Torres, Jr., San Antonio, for appellants.

Jane H. Macon, City Atty., Jake N. Talley, Jr., Asst. City Atty., San Antonio, for appellees.

OPINION

MURRAY, Justice.

Appellants, Mario Cantu, Bruno Escamilla, and Cresencio Gutierrez, brought this suit against the City of San Antonio, a judge and clerk of one of its municipal courts, and others for a writ of mandamus to compel appellees to use the jury wheel for the selection of jurors in the municipal courts of San Antonio. Appellants also seek an injunction to enjoin the municipal courts of San Antonio from bringing appellants to trial until the jury wheel method of selecting jurors is instituted. The trial court denied the relief sought, and appellants perfected their appeal to this court.

On August 1, 1978, appellants were arrested while attempting to erect a tent on the lawn in front of the San Antonio City

**196**

Hall. Appellants engaged in this activity to support the efforts of the San Antonio Refuse Collectors Association to negotiate a new contract with the City of San Antonio. Appellant, Mario Cantu, was charged with the offense of simple assault, and appellants, Bruno Escamilla and Cresencio Gutierrez, were charged with the offense of obstructing police.

The basis of appellants' suit is to challenge the jury selection system in the municipal courts of the City of San Antonio. Appellants contend that the municipal courts of San Antonio must comply with the Jury Wheel Law, Tex. Rev. Civ. Stat. Ann. arts. 2094–2100a (Vernon 1964).

Article 33.09 of the Code of Criminal Procedure provides:

> Jury panels, including special venires, for the trial of criminal cases shall be selected and summoned (with return on summons) in the same manner as the selection of panels for the trial of civil cases, except as otherwise provided in this code.

Tex. Code Crim. Pro. Ann. art. 33.09 (Vernon 1966). The Jury Wheel Law governs the selection of jurors for the trial of civil cases in the district and county courts. Article 2414, Texas Revised Civil Statutes, provides for juries in the justice of the peace court to be summoned orally by the proper officer. Therefore, Article 33.09 authorizes jury panels for the trial of criminal cases to be selected by the jury wheel method as provided by Articles 2094–2100a or by the "pick-up" jury method as provided by Article 2414.

Chapter 45 of the Code of Criminal Procedure pertains to the justice and municipal courts, and Article 45.25 of that Code provides:

> If the accused does not waive a trial by jury, the justice shall issue a writ commanding the proper officer to summon forth with a venire from which six qualified persons shall be selected to serve as jurors in the case. Said jurors when so summoned shall remain in attendance as jurors in all cases that may come up for hearing until discharged by the court.

> Any person so summoned who fails to attend may be fined not exceeding $20 for contempt.

Tex. Code Crim. Pro. Ann. art. 45.25 (Vernon 1979). This article specifically provides for "pick-up" juries for the trial of criminal cases in justice of the peace and municipal courts.

We hold that, in the absence of special legislation, the Jury Wheel Law does not govern the selection of jurors in the municipal courts of the City of San Antonio. Our holding on this point makes it unnecessary to discuss the other points raised by appellants in their brief.

The judgment of the trial court is affirmed.