

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

June 15, 1989

Honorable Johnny W. Actkinson        Opinion No.  JM-1059
District Attorney
Bailey County                        Re: Summoning of jurors for
P. O. Box 286                        justice of the peace  court
Farwell, Texas  79325                (RQ-1698)

Dear Mr. Actkinson:

You ask a number of questions relative to the summoning of persons for jury service in the justice of the peace court.

In your first question you ask from what source jurors are to be selected. In Cantu v. Samples, 581 S.W.2d 195 (Tex. Civ. App. - San Antonio 1979, no writ), it was urged that the clerk of the municipal court must draw the names of prospective jurors from a jury wheel. In rejecting this contention, the court held that the jury wheel law is only applicable for the selection of jurors in county and district courts in the absence of special legislation. The court noted that article 2414, V.T.C.S.,[1] (now section 62.403 of the Government Code) "provides for juries in the justice of the peace court to be summoned orally by the proper officer." Cantu, supra, at 196.

Section 62.401 of the Government Code provides that the justice of the peace shall order the sheriff or constable to summon the number of qualified persons that the justice considers necessary to serve as jurors. Section 62.402 of the Government Code sets forth the oath to be administered to the officer by the justice. The oath contains the guidelines to be observed by the officer in summoning the number

---

1.  The court in Cantu noted that article 33.09 of the Code of Criminal Procedure provides that jurors shall be selected and summoned in criminal cases in the same manner as juror panels are selected in civil cases.

of persons ordered by the court.[2]  Section 62.403 states that the officer shall immediately notify the prospective juror that he is required to appear for jury service at the

---

2.  Section 62.402 provides that the justice of the peace shall administer the following oath to the officer:

> You do solemnly swear that you will, to the best of your skill and ability, and without bias or favor toward a party in a case, summon the number of persons ordered by the court; that you will summon only impartial, sensible, and sober persons who are qualified under the law to serve as petit jurors; that you will not, directly or indirectly, converse or communicate with a juror about a case pending for trial; and that you will not, by any means, attempt to influence, advise, or control a juror in his opinion in a case that may be tried by a jury on which he serves; so help you God.

A portion of the oath requires the officer to summon only persons "qualified under the law" to serve as jurors. Section 62.102 of the Government Code sets out the general qualifications for jury service, as follows:

> A person is disqualified to serve as a petit juror unless he:
>
> (1) is at least 18 years of age;
>
> (2) is a citizen of this state and of the county in which he is to serve as a juror;
>
> (3) is qualified under the constitution and laws to vote in the county in which he is to serve as a juror;
>
> (4) is of sound mind and good moral character;
>
> (5) is able to read and write;
>
> (6) has not served as a petit juror for
> (Footnote Continued)

specified time and place. The officer is directed by section 62.403 to orally deliver the summons to the person.

In your second question you ask whether the officer may draw names from the jury wheel for justice court. No provision is made for the sheriff or constable to draw names from the jury wheel in selecting prospective jurors to be summoned for the justice of the peace court.

The provisions for the use of the jury wheel, found in chapter 62, subchapter A, of the Government Code, refer to the use of the jury wheel only in connection with county and district courts. See Gov't Code §§ 62.004 (who draws names of prospective jurors for county and district courts respectively), 62.005 (observation of drawing by parties in jury cases in district or county courts), 62.007 (receipt of envelopes containing jury lists by county or district judge), 62.016 (in certain counties, district judges determine number of prospective jurors needed each week in district and county courts), 62.017 (in certain counties, jury panel may be constituted for service in both district and county courts), 62.020 (use of alternate jurors in district and county courts respectively).

Section 62.012 provides that a county or district judge who requires a jury shall notify the county or district clerk to "open the next consecutively numbered envelope containing a jury list" (of names drawn from the jury wheel). The clerk notifies the sheriff who then summons the jurors for such courts pursuant to section 62.013. In contrast, section 62.401 provides simply that a justice of the peace needing jurors for his court "shall order the sheriff or constable to summon for jury service" the necessary number of qualified persons.

---

(Footnote Continued)

six days during the preceding three months in the county court or during the preceding six months in the district court;

(7) has not been convicted of a felony; and

(8) is not under indictment or other legal accusation of misdemeanor or felony theft or any other felony.

We do not think that the statutory scheme of chapter 62, which makes distinct provisions for obtaining jurors for county and district courts, as opposed to justice courts, contemplates that jurors in justice court are to be selected by means of the jury wheel. See also Cantu v. Samples, supra.

In your third question you ask whether jurors must reside in the justice court precinct for which the court is established to qualify as jurors.

Section 62.102(2) of the Government Code states that a person is disqualified to serve as a petit juror unless he "is a citizen of this state and of the county in which he is to serve as a juror." The oath the justice of the peace administers to the officer under section 62.402 requires that the officer summon persons "who are qualified under the law." While section 62.501 of the Government Code requires that a person must be a resident of the municipality for which the court is established to serve on a jury in municipal court, section 62.402 only directs the officer to summon persons "qualified under the law" to serve as jurors in justice court. We construe "qualified under the law" to mean a person who meets the qualifications set forth in section 62.102. "Qualified under the law" requires that the person be a resident in the county. We are unable to find any requirement that a juror be a resident of the precinct to qualify for service in the justice court.

In your last series of questions you ask about the methods an officer may utilize in summoning persons for jury service in the justice court. Specifically, you inquire about the validity of notifying the prospective juror "orally in person," by "written notice" and by "telephone call to the [prospective] jurors."

Section 62.403 provides:

> (a) The officer shall immediately summon the required number of persons to appear for jury service as ordered by the justice of the peace.
>
> (b) The summons must notify the person that he is required to appear for jury service before the justice at the specified time and place. The officer shall orally deliver the summons to the person. (Emphasis added.)

The word "shall" is an imperative term and requires the performance of the act to be performed unless it is apparent that the legislature intended otherwise. <u>Balios v. Texas Dep't of Public Safety</u>, 733 S.W.2d 308 (Tex. App. - Amarillo 1987, writ ref'd). Section 62.403 provides the officer "shall orally deliver the summons to the person." Delivery of summons by written notice is not authorized. The requirement that the officer <u>immediately</u> summon persons for juror service further supports the conclusion that it be delivered orally.

Oral is defined as "uttered by the mouth or in words; spoken, not written." Black's Law Dictionary 987 (5th ed. 1979). "Delivery" is defined as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another." <u>Id.</u> at 385. No reason is perceived why the officer may not orally summon jurors in person or by telephone.

### S U M M A R Y

The sheriff or constable summons persons for jury service in the justice of the peace court in accordance with the guidelines set forth in the oath administered under section 62.402 of the Government Code. The officer is not authorized to draw names of persons from the jury wheel for jury service in the justice of the peace court. A juror need not reside in the precinct for which the justice court was created but must be a resident of the county. The officer may summon prospective jurors for the justice of the peace court orally in person or by calling the individual by telephone. The officer is not authorized to use a written notice to summon persons for jury service in the justice of the peace court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General