Affirmed and Majority and Concurring Opinions filed August 9, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00301-CR

___________________

 

Israel Ruiz-Angeles, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 14

Harris County,
Texas



Trial Court Cause No. 5476

 



 

 

CONCURRING OPINION

            Under
applicable precedent, Texas Government Code section 62.021 does not apply to
the jury selection process in municipal court trials; therefore, the trial
court was not required to comply with this statute.  The majority reaches this
conclusion based upon a different analysis, under which the majority concludes
there is an irreconcilable conflict between section 62.021 and article 45.027
of the Texas Code of Criminal Procedure.  Because there is no such conflict, I respectfully
decline to join the majority’s analysis, but I concur in this court’s judgment.

Government Code section 62.021 does not apply in this case.

            Appellant
bases the alleged error asserted in his first issue upon the premise that Texas
Government Code section 62.021, entitled “Dismissal of Juror Removed From
Panel,” applies to municipal courts in Harris County.  In Cantu v. Samples,
the court held that a group of statutes did not apply to the selection of
jurors in municipal court criminal trials; this group of statutes included the
predecessor statute to section 62.021.  See 581 S.W.2d 195, 196 (Tex.
Civ. App.—San Antonio 1979, no writ).  In 1995, the Court of Criminal Appeals
cited Cantu with approval and concluded that the provisions of Chapter
45 of the Code of Criminal Procedure apply to criminal proceedings in municipal
court and that statutes outside of this chapter do not apply in the municipal
court context unless they specifically state that they apply to municipal
courts.  See Huynh v. State, 901 S.W.2d 480, 482–83 (Tex. Crim. App.
1995); Cantu, 581 S.W.2d at 196.  Under this authority, Texas Government
Code section 62.021 does not apply to the case under review and therefore
appellant’s first issue lacks merit.[1] 
See Huynh, 901 S.W.2d at 482–83; Cantu, 581 S.W.2d at 196.  

Government Code section 311.026 does not apply in this case.

            Rather
than rely upon the foregoing precedent to conclude that Government Code section
62.021 does not apply in the case under review, the majority relies upon
Government Code section 311.026, entitled “Special or Local Provision Prevails
Over General,” which reads in its entirety as follows:

(a)
If a general provision conflicts with a special or local provision, the
provisions shall be construed, if possible, so that effect is given to both.

 

(b) If the conflict between the general provision and the
special or local provision is irreconcilable, the special or local provision
prevails as an exception to the general provision, unless the general provision
is the later enactment and the manifest intent is that the general provision
prevail.


Tex. Gov’t Code Ann. § 311.026 (West
2005).   The rule of statutory
construction contained in section 311.026(b) applies only if the general
provision and the special provision irreconcilably conflict with each other.  See
id.; Lomax v. State, 233 S.W.3d 302, 311–12 (Tex. Crim. App. 2007). 
Two statutes irreconcilably conflict when only one of them can apply to a
particular situation.  See Lomax, 323 S.W.3d at 312.  Under article
45.027(b) of the Code of Criminal Procedure, a prospective juror in a municipal
court “shall remain in attendance . . . until
discharged by the court.”[2] 
Tex. Code Crim. Proc. Ann. art.
45.027 (West 2006).  Government Code section 62.021, if it applied to municipal
courts in Harris County, would require the municipal court to discharge all
prospective jurors who were not selected as jurors after service on their first
venire panel.[3] 
See Tex. Gov’t Code Ann. § 62.021
(West 2005).  

One statute requires prospective jurors to remain until the
court discharges them, and the other statute requires certain courts to discharge
prospective jurors after service on their first venire panel.  There is no
irreconcilable conflict between these statutes.  See Tex.
Gov’t Code Ann. § 311.026; Lomax, 233 S.W.3d at 311–12.  Therefore,
the rule of construction set forth in Government Code section 311.026(b) does
not apply.  See Tex. Gov’t Code
Ann. § 311.026; Lomax, 233 S.W.3d at 311–12.  If Government Code
section 62.021 applied to the trial court in the case under review, then this
section would not conflict with article 45.027 and would require the trial
court to dismiss prospective jurors after service on their first venire panel.
 See Tex. Gov’t Code Ann. § 62.021. 
But, as discussed above, Government Code section 62.021 does not apply
to municipal courts.  See Huynh, 901 S.W.2d at 482–83; Cantu, 581
S.W.2d at 196.

            The
trial court’s judgment should be affirmed. But this court should not conclude
that Government Code section 62.021 irreconcilably conflicts with article
45.027 of the Texas Code of Criminal Procedure.  

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher.  (Christopher,
J., majority).

 

Publish
— Tex. R. App. P. 47.2(b).









[1]
Appellant notes that when the Legislature created the Government Code, it
included one section in Chapter 62 that specifically applies to municipal
courts.  See Act of May 17, 1985, 69th Leg., R.S., ch. 480, 1985 Tex.
Gen. Laws 1720, 2017 (current version at Tex.
Gov’t Code Ann. § 62.501 (West
2005)) (stating that “[t]o be eligible to serve on a jury of a municipal
court, including a municipal court of record, a person must be resident [sic]
of the municipality for which the court is established”).  Section 62.501, entitled
“Qualification,” specifically states that it applies to municipal courts, and
this statute was part of the Government Code when the Court of Criminal Appeals
decided the Huynh case.  See Huynh, 901 S.W.2d at 482–83.  There
are many other sections in Chapter 62, including section 62.021, and none of
these other sections specifically states that it applies to municipal courts.  See
Tex. Gov’t Code Ann. § 62.001, et
seq. (West 2005).     

 





[2]
The statute, entitled “Jury Summoned,” reads in
its entirety as follows:

(a) If the accused does not waive a trial
by jury, the justice or judge shall issue a writ commanding the proper officer
to summon a venire from which six qualified persons shall be selected to serve
as jurors in the case.

(b) The jurors when so summoned shall
remain in attendance as jurors in all cases that may come up for hearing until
discharged by the court.

(c) Any person so summoned who fails to
attend may be fined an amount not to exceed $100 for contempt.

Tex. Code Crim. Proc. Ann. art. 45.027 (West 2006). In the context of this
statute and construing it as a whole, the only reasonable meaning of “juror” as
used in subsection (b) is “prospective juror.”  See Webster’s Third New Int’l Dictionary 1227
(1993 ed.) (stating as second definition for “juror,” “a person designated and
summoned to serve on a jury”).

 





[3] The statute reads in its entirety as
follows:

In a county with a population of 1.5
million or more, a prospective juror removed from a jury panel for cause, by
peremptory challenge or for any other reason, must be dismissed from jury
service. After dismissal, the person may not be placed on another jury panel
until his name is returned to the jury wheel and drawn again for jury service.


Tex. Gov’t Code
Ann. § 62.021 (West 2005).