Affirmed and Majority and Concurring Opinions filed August 9, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00301-CR

___________________

 

Israel Ruiz-Angeles, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 14

Harris County,
Texas



Trial Court Cause No. 5476

 



 

 

MAJORITY OPINION

            Appellant
Israel Ruiz-Angeles was convicted in a Harris County municipal court for
failure to control his speed, and the county criminal court at law affirmed his
conviction.  In this further appeal, appellant makes the same arguments he
originally raised in the municipal court in his motion for new trial and
repeated in the county criminal court at law.[1]
 Like the lower courts, we are called upon to decide whether a Harris County
municipal court may include individuals in one venire who were removed from another
venire earlier the same day in a different case.  The appellant argues that the
trial court erred both in overruling his challenge for cause to members who
served in successive venires and in refusing to allow his defense counsel to
move for additional preemptory strikes.  In addition, he contends reversal is
required because, in the jury’s presence, the trial court accused appellant’s
defense counsel of using delaying tactics and threatened the attorney with
contempt.  Appellant also contends that the trial court erred in overruling his
objection to the prosecutor’s questions to two witnesses as to whether other
drivers used due care and whether their vehicles were in compliance with the
law.  Finally, he challenges the legal and factual sufficiency of the evidence
that (a) his failure to control speed was voluntary, and (b) the complainant’s
vehicle “was on the highway in compliance with law and the duty to use due
care.”  For each of these reasons, appellant contends that the county court at
law erred in affirming the municipal court’s judgment.

            We conclude
that the evidence is sufficient to support the verdict and that the Harris
County municipal courts are not prohibited from including in a later venire
those individuals who were removed from an earlier venire.  Although we agree
that the trial court erred in denying appellant the opportunity to move for
additional peremptory strikes, we conclude that the error was harmless.  We
further hold that the trial court’s expressions of impatience with appellant’s
trial counsel did not create reversible error, and the trial court did not
abuse its discretion in overruling appellant’s evidentiary objections.  We
accordingly affirm the county criminal court at law’s judgment.  

I.  Factual
and Procedural Background

            Appellant
was cited for failure to control his speed and colliding with another vehicle
on January 30, 2006.  He was tried by a jury in Houston Municipal Court No. 8
on March 21, 2006.  At a bench conference out of the jurors’ hearing,
appellant’s counsel asked the trial court before the start of voir dire whether
any members of the panel “were used” in any cases with the same prosecutor. 
When the trial court answered, “Some of them have been,” appellant’s counsel
stated that the defendant had a right to know which jurors these were, and
objected to the entire panel.  The trial court overruled the objection, and at
defense counsel’s request, shuffled the jury panel.

            Both sides
were allowed ten minutes for voir dire.  In a second bench conference after the
prosecutor’s voir dire, appellant’s counsel moved for additional time to
question jurors about the prosecutor’s voir dire in other cases.  The trial
court denied the motion.  Appellant’s counsel then questioned the panel and
determined that several members had served on a jury panel earlier that day in
cases in which the same prosecutor appeared.  Each of these individuals
affirmed that he or she could “totally disregard everything that happened in
the other cases,” specifically including any impressions of the prosecutor.  

            After using
the allotted time for voir dire, appellant’s counsel pointed out at a third
bench conference that thirteen of the fourteen members of the panel had served
on other venire panels that day.  The attorney again asked for more time to
question panel members about what was said in the prosecutor’s voir dire in
other cases, and the trial court again denied the motion.  The attorney then
challenged the same thirteen jurors on the grounds that (a) jurors who are
removed from one panel must not be included on another panel until they are
again summoned for jury service; and (b) because the prosecutor conducted
voir dire in other cases with some of the same venire members, appellant’s
due-process rights were violated in that, relative to appellant’s counsel, the
prosecutor had more time for voir dire and more information about the jurors. 
The trial court denied these challenges.

            The
following exchange then occurred between the trial court and defense attorney
Alexander Wathen:

THE COURT:            Do we have everybody’s strikes?

MR. WATHEN:        No.

THE COURT:            You
will not approach again.  Surrender your strikes to the Bailiff, and we will
get this trial forward.  Mr. Wathen, this is a Class C Misdemeanor.  Turn in
your strikes now.

MR. WATHEN:        I object.

THE COURT:            Get it down.

MR. WATHEN:        Will
the Court not allow me to make the required Motion?

THE COURT:            The
Court will not put up with anymore delaying strikes.

MR. WATHEN:        Object and move for a Mistrial.

THE COURT:            Give your strikes to the Bailiff now.

MR. WATHEN:        I need two moments to write them down.

THE COURT:            You
were given a list of their names, so that would not be necessary.

MR. WATHEN:        Move
for the Court to instruct the jurors to disregard all the Court’s remarks.

THE COURT:            Turn over your strikes now.

(Jurors chosen)

MR. WATHEN:        Renew
my Motion for a Mistrial.  Can I get a ruling on my Motion for a Mistria1?

THE COURT:            Motion
is denied.  Mr. Wathen, if you continue your dilatory tactics, I will hold you
in Contempt.  I will declare a Mistrial, but you will be held in Contempt.

MR. WATHEN:        May
I renew my objection, Your Honor?

THE COURT:            Have
a seat.  Any objections to the panel?

MR. WATHEN:        Yes,
Your Honor.  May I approach?

THE COURT:            You
can make your objection where you stand.

MR. WATHEN:        Defense
objects that Defense is not allowed to make his legally required Motion for
preemptory challenges.

THE COURT:            Denied.

The trial then
proceeded.

            Christian
Moore testified that on the morning of January 30, 2006, he was driving north
in the center lane on Hillcroft toward its intersection with Unity.  The
traffic light at the intersection was red, and a woman in a vehicle in the
right lane already had stopped at the light.  As Moore was slowing to stop,
appellant passed him in the right lane and drove into the back of the woman’s vehicle. 
Moore said Laura Dahlkemper, the woman whose vehicle was struck by appellant,
was operating her vehicle properly in that “[s]he was stopped at a stop line
just sitting there.”  According to Moore, appellant was going too fast to stop
and it was a loud, hard collision.   

            Dahlkemper
testified that she was licensed, insured, and stopped at the red light with her
seat belt on when appellant’s car hit her sport utility vehicle with such force
that her SUV sustained more than $650 in damages.  According to Dahlkemper,
appellant had no driver’s license and told her after the accident that he had
no insurance and no brakes.  She further testified that she was operating her
vehicle within the law, but appellant failed to control his speed.   

            Appellant’s
defense to the charge was that the collision occurred because his brakes failed
unexpectedly.  During cross-examination, he both agreed that the brakes had
been fixed, and denied that they had ever been fixed in the time he had owned
the car.  He also testified that he knew the brakes worked because he had
checked them three months before the accident.  He stated that his friend
checked them; that they knew each other because the friend was his uncle; and
that he didn’t know his uncle’s last name.  He testified that his uncle was a
mechanic, but when asked where his uncle worked, appellant answered only that
his uncle was not working as a mechanic.  When appellant was asked how fast he
was going, he testified, “I didn’t look.  I don’t remember.”  

            The jury
deliberated for seven minutes, unanimously found appellant guilty, and assessed
a fine of $200.  The municipal court denied appellant’s motion for new trial,
and he appealed to County Criminal Court at Law No. 14.  The county court
affirmed the municipal court’s judgment, and appellant now appeals his
conviction to this court.

II.  Issues Presented

            In his first
issue, appellant argues that a municipal court in a county with a population of
1,500,000 or more must excuse jurors removed from one venire from serving in
another venire on the same day.  He asserts in his second issue that his
due-process rights were violated.  In his third issue, he contends that the
trial court erred by refusing to allow his defense counsel to move for
additional peremptory challenges and to identify unacceptable jurors who might
serve on the jury.  Appellant argues in his fourth issue that the trial court
committed reversible error by threatening appellant’s defense attorney with
contempt and accusing the attorney of using delaying tactics.  In his fifth
issue, appellant contends that the trial court erred in allowing witnesses to offer
an opinion that the complainant operated her vehicle in compliance with the law
and the duty to use due care.  In his last two issues, he challenges the legal
and factual sufficiency of the evidence.  Specifically, appellant argues in his
sixth issue that his conviction cannot stand in light of his uncontroverted
testimony that his brakes failed, and in his seventh issue, he asserts that
there is legally and factually insufficient evidence that the complainant
complied with the law and the duty of due care.

III.  Analysis

A.        Sufficiency of Evidence that Complainant Operated Vehicle
in Compliance with Law and with the Duty to Use Due Care

            We begin
with appellant’s challenge to the sufficiency of the evidence, which we
evaluate by considering all of the evidence in the light most favorable to the
verdict.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789, 61 L. Ed. 2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912
(Tex. Crim. App. 2010) (plurality op.); id. at 914 (Cochran, J.,
concurring). [2] 
If, when viewed in this light, any rational factfinder could have found the
essential elements of the offense beyond a reasonable doubt, then the evidence
is legally sufficient to support the verdict.  Jackson, 443 U.S. at 319,
99 S. Ct. at 2789.

            Citing
section 545.351(b)(2) of the Texas Transportation Code, appellant argues that
the State presented insufficient evidence that when the accident occurred,
Dahlkemper’s vehicle was on the highway in compliance with the law and with her
duty to use due care.  See Tex.
Transp. Code Ann. § 545.351(b)(2) (West 2011) (“An
operator . . . shall control the speed of the vehicle as
necessary to avoid colliding with another person or vehicle that is on or
entering the highway in compliance with law and the duty of each person to use
due care.”) (emphasis added).  Appellant contends that as a result of this
provision, the State must prove that the complainant complied with every
vehicle-related regulation.  He argues that he is entitled to reversal because
the State presented no evidence that the complaining witness complied with more
than twenty traffic regulations, including regulations about riding in a house
trailer, using proper motorcycle seats, and other regulations having no
relevance to this case.  According to appellant, “[t]he State should have
negated the possible violations of these and countless other laws that the
complaining witness may not have been in compliance with at the time.”

            In
advocating this position, appellant repeats verbatim the argument we rejected in
McQueen v. State, 329 S.W.3d 255 (Tex. App.—Houston [14th Dist.] 2010,
no pet.).  As we explained then, 

            It would be an unreasonable interpretation of
the statute to require the State to prove the driver of the other vehicle
complied with “countless” vehicle-related regulations, many of which have
little or nothing to do with whether the driver of the other vehicle bore
responsibility for the collision due to his own negligence or vehicle
operation.

Id. at 258.  In
sum, we will not hold the evidence insufficient to support the verdict solely
because the State failed to negate the possibility that the complainant
violated the law in some way that has no bearing on the speed at which it was
reasonable and prudent for appellant to drive.  

            Here, it is
undisputed that appellant drove his car into the back of Dahlkemper’s vehicle
while she was stopped at a red traffic light.  Thus, the evidence is sufficient
to support the verdict.  We accordingly overrule appellant’s seventh issue.

B.        Denial of
Opportunity to Preserve Error

            Appellant’s first and third issues are
intertwined.  Earlier in the day of appellant’s trial, thirteen of the fourteen
members of the venire panel had served on venire panels in other cases.  Appellant
argued to the trial court that these individuals should not be included in the
venire panel in his case, and moved to strike each of the thirteen potential
jurors for cause.  The trial court denied the motion.  In his first issue,
appellant argues that a prospective juror who has been removed from the venire
panel in Harris County for any reason may not be included in another venire
panel on the same day.  See Tex.
Gov’t Code Ann. § 62.021 (West 2005) (providing that in counties with a
population of more than 1.5 million, a prospective juror who has been removed
from a jury panel must not serve on another panel until his name is again drawn
for jury service).  But appellant argues in his third issue that the trial
court refused to allow him to preserve his complaint of error by moving for
additional peremptory strikes—a step that is necessary to preserve for appeal
the argument that appellant was harmed by the trial court’s erroneous denial of
a challenge for cause.  See Davis v. State, 329 S.W.3d 798, 807 (Tex.
Crim. App. 2010) (explaining that, to preserve the argument that the trial
court harmed the defendant by erroneously denying a challenge for cause, the
defendant must show that (1) he asserted a clear and specific challenge
for cause, (2) he used a peremptory challenge on the complained-of venire
member, (3) he exhausted his peremptory strikes, (4) his request for
additional strikes was denied, and (5) an objectionable juror sat on the
jury).  We therefore begin our analysis with the error-preservation issue.

            It is axiomatic that a defendant in a
criminal trial must be allowed to preserve error.  See Moosavi v. State,
711 S.W.2d 53, 54 (Tex. Crim. App. 1986) (“Appellate courts review and correct
trial court error.  To enable them to do this the error must be properly
preserved during trial so that a complete record of the error can be reviewed
on appeal.”).  But it is clear from this record that if appellant’s counsel
moved for additional peremptory strikes as required to preserve the claim of
harmful error, the trial court not only would deny the motion, but additionally
might hold appellant’s counsel in contempt.  Under these circumstances,
appellant did as much to preserve error as reasonably could be expected. 
Because we agree that the trial court erred in refusing to allow appellant’s
counsel to move for additional peremptory strikes, we sustain appellant’s third
issue.  

            This raises the question of the
appropriate remedy.  When the trial court refuses to allow the appellant to
take the steps necessary to preserve error, the appellate court may abate the
appeal and remand for a hearing in the trial court to allow the appellant to
perfect the record.  See Tex. R.
App. P. 44.4 (if remediable trial-court error prevents proper
presentation of the case, appellate court must not affirm or reverse, but
instead must direct the trial court to correct the error).  This procedure is
particularly suited to cases in which the trial court prevented the appellant
from including material in the record that would be necessary for the reviewing
court to address the merits of appellant’s complaint.  See, e.g., Spence
v. State, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988) (abating appeal and
remanding to the trial court to allow appellant to perfect the record where
trial court refused to allow appellant to make an offer of proof or perfect a
bill of exceptions).

            Here, however, the trial court’s refusal
to allow appellant to move for additional peremptory strikes did not prevent
him from developing the record for our review.  Specifically, the record shows
that appellant challenged all but one of the members of the venire, identified
the statute on which he relied, and used all of his peremptory strikes against the
challenged members of the panel.  In addition, three copies of the list of
venire members are in the record: one shows the State’s strikes, one shows the
defense strikes, and one combines the two and shows the jurors who actually
served.  Five of the six jurors who heard the case were the subjects of
appellant’s unsuccessful challenge for cause, and we can identify each from the
record by both name and juror number.  In short, the absence of a motion for
additional peremptory strikes does not harm the record, which already includes
all of the information that the motion would have contained.  See Tex. R. App. P. 33.1(a)(1)(A) (specific
grounds for a request, objection, or motion may be apparent from the context). 


            Having concluded that (1) appellant has
preserved his complaint that the trial court erred in denying his challenges
for cause, and (2) the record is sufficiently developed for us to evaluate this
argument, we now can proceed to consider the merits of appellant’s first issue. 


C.        Mandatory Excuse of Jurors Previously
Removed for Cause

            Appellant argues that in Harris County, a
person removed from one venire may not be included in another venire on the
same day.  Tex. Gov’t Code Ann. §
62.021 (West 2005) (providing that in counties with a population of more than
1.5 million, a prospective juror who has been removed from a jury panel must
not serve on another panel until his name is again drawn for jury service).  The
State responds that this general provision conflicts with article 45.027 of the
Code of Criminal Procedure concerning the procedures for summoning individuals
for jury service in justice and municipal courts.  See Tex. Code Crim. Proc. Ann. art. 45.027
(West 2006).  In contrast to section 62.021, article 45.027(b) provides that individuals
summoned for jury service in justice and municipal courts “shall remain in
attendance as jurors in all cases that may come up for hearing until discharged
by the court.”  Id. art. 45.027(b).[3] 


            After a person has been removed from the
venire in one case, the municipal court cannot comply both with the requirement
in section 62.021 to dismiss the prospective juror and with the requirement in article
45.027(b) to retain that individual.  Because the statutes conflict, we must
determine whether the trial court erred in retaining the venire members
pursuant to article 45.027 rather than discharging them pursuant to section
62.021.  

            We conclude that the trial court did not
err because it was not required to comply with section 62.021 as appellant
contends.  In matters of “procedure concerning trial by jury,” municipal courts
of record must “substantially conform to Chapter 45 [of the] Code of Criminal
Procedure.”  Tex. Gov’t Code Ann.
§ 30.00013(a).  This requirement is consistent with the rule of statutory
construction that when irreconcilable statutes apply, the more specific
provision is given controlling effect.  See id. § 311.026(b).  Article
45.027 expressly applies to jury trials in justice and municipal courts; thus,
it is the more specific provision.  See Cantu v. Samples, 581 S.W.2d
195, 196 (Tex. App.—San Antonio 1979, no writ) (addressing the predecessor to
section 62.021 and explaining that in municipal courts, the jury-selection
procedure is not governed by the general “jury wheel law” but by the more
specific provision of article 45 of the Code of Criminal Procedure), cited
with approval in Huynh v. State, 901 S.W.2d 480,
482 (Tex. Crim. App. 1995).  The placement of the two provisions within
their respective codes further supports this conclusion.  Chapter 62 of the
Government Code addresses the constitution of petit juries, and section 62.021
is found in subchapter A, entitled “General Provisions.”  Article 45.027 is
found in the Code of Criminal Procedure in chapter 45, entitled “Justice and
Municipal Courts,” and within subchapter B, “Procedures for Justice and
Municipal Courts.”  

            Because the municipal court was not
required to follow Government Code section 62.021 and instead substantially
conformed to article 45.027 by including in a later venire members who had been
removed from an earlier venire, the trial court did not err in overruling
appellant’s challenges for cause.  See Loredo v. State, 159 S.W.3d 920,
924 (Tex. Crim. App. 2004) (“The trial court had no obligation to grant
appellant’s request for additional peremptory strikes unless appellant first
showed his challenge for cause should have been granted.”).  Thus, we overrule
appellant’s first issue.  

D.        Due
Process

            Appellant
frames his second issue as follows:

Whether it is a violation of Due Process to allow jurors
whom the prosecutor has had on a prior panel the same day and questioned during
such voir dire before the same judge when defense counsel was not present to
serve on the jury without informing defense counsel of the existence of such
jurors or giving defense counsel information as to what was said during such
voir dire proceeding.

            Appellant presents only his bare
assertion, unsupported by authority.  He characterizes this as an issue of
first impression, but makes no argument as to how such facts would constitute a
violation of his constitutional right to due process.[4]  

            We cannot “make novel legal arguments for
appellant.”  Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App.
1996).  This issue therefore is waived.  See Tex. R. App. P. 38.1(i).

E.        Trial Court’s Threat of Contempt and Characterization of
Defense Counsel’s Tactics

            In
his fourth issue, appellant contends that he was denied a fair trial under the
Due Process Clause of the Fourteenth Amendment because in the jury’s presence, the
trial court accused appellant’s counsel of using delaying tactics and threatened
the attorney with contempt.[5] 
A defendant has a due-process right to a neutral and detached hearing officer
or tribunal.  Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App.
2006).  We begin our analysis with the presumption that the trial court’s
actions were correct, and a clear showing of bias is required to overcome this
presumption.  Id. 

            After
reviewing the entire record, we have found no clear showing of judicial bias.  See
Rodriquez v. State, 552 S.W.2d 451, 456 (Tex. Crim. App. 1977) (holding
that appellant was not deprived of a fair trial where, “[o]n several occasions,
usually in chambers, the trial judge did remind the defense counsel that
the failure to observe his rulings might result in contempt proceedings”)
(emphasis added).  As the Court of Criminal Appeals has pointed out, “a trial
judge’s irritation at the defense attorney does not translate to an indication
as to the judge’s views about the defendant’s guilt or innocence.”  Jasper
v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).  If the conduct of
counsel is such that a trial judge believes that threatening counsel with
contempt is necessary, it is better practice to do so in the absence of the
jury, or at the bench outside of the jury’s hearing.  See Burris v. State,
161 Tex. Crim. 210, 213–214, 276 S.W.2d 260, 263 (1953).  Here, it appears that
counsel was only trying to preserve the perceived error for appellate review,
rather than to waste time as the trial court believed.  However, the dispute
between the trial court and defense counsel was limited to matters of procedure
that had no bearing on the evidence or the merits of the case, and the entire
exchange was over before the jury was empaneled.  The judge’s comments did not
reflect on the guilt or innocence of the defendant, and neither injured the
defendant nor benefited the State.  See Joshlin v. State, 488 S.W. 2d
773, 776 (Tex. Crim. App. 1973).  We therefore overrule appellant’s fourth
issue. 

F.        Evidentiary
Objection to “Compliance with Law” Testimony 

            When the
prosecutor asked Moore whether he had reason to believe that Dahlkemper failed
to exercise the duty to use due care, appellant objected that the question
called for a conclusion of law.  He raised the same objection when the
prosecutor asked Dahlkemper whether she was operating her car in compliance
with the law and whether appellant failed to control his speed.  On appeal, he
argues that the trial court erred in overruling these objections because,
according to appellant, a witness is not permitted to give an opinion on an
ultimate fact.  Even assuming that the trial court understood this to be
appellant’s objection,[6]
appellant’s argument is incorrect; such testimony is expressly permitted under
the Texas Rules of Evidence.  Tex. R.
Evid. 704 (“Testimony in the form of an opinion or inference otherwise
admissible is not objectionable because it embraces an ultimate issue to be
decided by the trier of fact.”); Fairow v. State, 943 S.W.2d 895, 897
n.5 (Tex. Crim. App. 1997).  We overrule appellant’s fifth issue.

G.        Voluntary
Act or Omission

            Finally, appellant
contends there is insufficient proof that his failure to control his speed was
due to his own voluntary act or omission.  It has long been established,
however, that speeding is a “strict liability” offense for which no such proof
is required.  See Zulauf v. State, 591 S.W.2d 869, 872 (Tex. Crim. App.
1979); Reed v. State, 916 S.W.2d 591, 592 (Tex. App.—Amarillo 1996, pet.
ref’d).  We accordingly overrule appellant’s sixth issue.

IV.  Conclusion

            Because the
evidence is sufficient to support the judgment and appellant’s challenges for
cause and evidentiary objections were meritless, we affirm.  

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher (Frost, J., concurring).

Publish
— Tex. R. App. P. 47.2(b).









[1] See Tex. Gov’t Code Ann. § 30.00014(a)
(West 2004 & Supp. 2009) (the county criminal court at law determines the
appeal based on the errors alleged in the appellant’s motion for new trial); id.
§ 30.00027(c) (the record and briefs on appeal to the county criminal
court at law are the record and briefs on appeal to the court of appeals).





[2]
Appellant frames this issue as a challenge to
the legal and factual sufficiency of the evidence.  After the briefs in this
case were filed, a majority of the members of the Court of Criminal Appeals
abolished factual sufficiency review as to elements of a criminal offense that
the State is required to prove beyond a reasonable doubt.  Brooks, 323
S.W.3d at 895, 904–05 (plurality op.); id. at 912–13 (Cochran, J.,
concurring); see also Howard v. State, 333 S.W.3d 137, 138 n.2 (Tex.
Crim. App. 2011).  Inasmuch as factual insufficiency is no longer a basis for
reversal, we review appellant’s evidentiary challenge only under the legal-sufficiency
standard of review prescribed in Brooks.





[3]
When construing a statute, we give effect to the
plain meaning of the text unless the text is ambiguous or the plain meaning
would lead to absurd results that the legislature could not possibly have
intended.  Williams v. State, 273 S.W.3d 200, 215 (Tex. Crim. App. 2008). 
The text of article 45.027 is problematic in that the legislature used a
different word each time it referred to the entity or entities that are
summoned for jury service.  The statute, which is entitled, “Jury
Summoned,” provides as follows:

 

(a)        If the accused
does not waive a trial by jury, the justice or judge shall issue a writ
commanding the proper officer to summon a venire from which six
qualified persons shall be selected to serve as jurors in the case.

(b)        The jurors
when so summoned shall remain in attendance as jurors in all cases that may
come up for hearing until discharged by the court.

(c)        Any person
so summoned who fails to attend may be fined an amount not to exceed $100 for
contempt.

Id. (emphasis added).  

We presume that in enacting the statute, the
legislature intended to achieve a just and reasonable result that complies with
the state and federal constitutions.  See Tex. Gov’t Code Ann. § 311.021(1), (3) (West 2005).  And
although the language of article 45.027 lacks precision, the legislature is not
alone in failing to use distinctive terms consistently to distinguish between a
person who is summoned for jury service, a person who responds to such a
summons and is included in a venire, and a person who actually is selected from
a venire to serve on a jury.  See, e.g., Easterling v. State, 710
S.W.2d 569, 576 (Tex. Crim. App. 1986) (“The record does not contain either the
original jury list which shows the names of jurors called for jury duty, nor
does it include the juror information sheets which were filled out by those who
appeared for jury duty.”); see also Green v. State, 764 S.W.2d 242, 246
(Tex. Crim. App. 1989) (referring to a “prospective juror that is not
absolutely disqualified” both as a “disqualified prospective juror” and simply
as a “disqualified juror”).  For over a hundred years, courts have relied on
context to make these distinctions clear.  Compare Harrelson v. State,
132 S.W. 783, 785 (Tex. Crim. App. 1910) (explaining that a “special venire” is
a writ commanding the sheriff “to summon such number of persons” to appear in
court on a particular date and that the “jury . . . is to
be selected” from those persons) with id. (noting that “the jurors
appeared . . . by direction of the writ aforesaid”).  In
enacting article 45.027, the legislature appears to have followed the same
practice.  By distinguishing between those who have been summoned and those who
have been selected, it is apparent from the context that the term “jurors” as
used in article 45.027(a) refers to those individuals who were chosen from a
venire to serve on the petit jury in a particular case.  It is equally apparent
from the use of the phrase “when so summoned” and the omission of any mention
of selection in article 45.027(b) that the word “jurors” is used in that
subsection to refer to venire members.





[4] Moreover, the issue as
stated does not reflect the facts in this case.  Here, appellant’s defense
counsel was informed that some members of the venire had been in an
earlier venire in which the State was represented by the same prosecutor.  





[5] Appellant states that
this conduct also violated “related provisions of the Texas Constitution,” but
cites no argument or authority that the trial court’s actions violated the
due-course-of-law provision of the state constitution.  See Tex. Const. art. I, § 19.  This
complaint therefore is waived.  See Brumit v. State, 206 S.W.3d 639, 646
n.3 (Tex. Crim. App. 2006).





[6] An objection that a
question calls for a conclusion of law could be understood in some
circumstances to be an objection that “‘[t]o permit such testimony invades the
province of the jury and authorizes the witness to determine the very issue for
the court and jury.’”  See Bell v. Bell, 248 S.W.2d 978, 987, 988 (Tex.
Civ. App.—Amarillo 1952, writ ref’d n.r.e.) (quoting Brown v. Mitchell,
88 Tex. 350, 31 S.W. 621, 628 (1895)) (questions posed to medical witnesses
called for conclusions of law regarding testator’s testamentary capacity).  It
might instead be understood as an objection that the question requires a lay
witness to offer an expert opinion rather than an opinion based on the
witness’s own perceptions.  Compare Tex.
R. Evid. 701 (opinion testimony by lay witnesses that is based on the
witness’s perception and helpful to the trier of fact is admissible) with
Birchfield v. Texarkana Mem’l Hosp., 747 S.W.2d 361 (Tex. 1987) (explaining
that an expert “may state an opinion on a mixed question of law and fact as
long as the opinion is confined to the relevant issues and is based on proper
legal concepts”).