Mark W. McQUEEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–10–00068–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 2010.

Alexander B. Wathen, Houston, for appellant.

Randy Zamora, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Mark W. McQueen, was convicted by jury in a Houston municipal court for failure to maintain a safe speed[1] and assessed a fine of $200.00. He appealed to County Criminal Court at Law No. 1,[2] contending in four issues that the municipal court erred by (1) denying his request for a *Batson* hearing, (2) overruling an evidentiary objection, (3) sustaining the State's objection to his jury argument, and (4) denying his motion for instructed verdict. The county criminal court affirmed, and appellant presented us with the same four issues.[3] We preliminarily determined that appellant made a *prima facie* showing of racial discrimination in the State's exercise of its peremptory strikes. Therefore, we abated this case and ordered the municipal court to conduct a full *Batson* hearing. Following the hearing, the municipal court concluded the State did not engage in purposeful racial discrimination and denied appellant's *Batson* motion. A record of the hearing and the municipal court's findings of fact and conclusions of law were filed with our Court. Having reinstated this case, we now consider the merits of appellant's issues and affirm the municipal court's judgment.

## I. BACKGROUND

In April 2005, Mark David Hart was driving his pickup truck westbound on Highway 290 in Houston. Hart came to a complete stop on the highway when traffic became congested. While he was speaking on his telephone, he noticed in his rearview mirror a semi-truck approaching. The semi-truck struck Hart's vehicle from behind, pushing it across the left-hand lane and into a retaining wall. At trial, Hart identified appellant as the driver of the semi-truck.

## II. ANALYSIS

### A. Evidentiary Issue

█ We begin with appellant's second issue, in which he contends the municipal court erred by overruling his objection to a question posed by the State. At trial, the following exchange occurred during the State's direct-examination of Hart:

> [Prosecutor:] Now, did—but prior to being hit, did you operate your vehicle with ordinary care?
>
> [Defense Counsel:] Objection. Misstatement of the law.
>
> [Municipal Court:] Overruled.
>
> [Prosecutor:] Did you operate your vehicle correctly?
>
> [Hart:] Yes, I did.

On appeal, appellant argues that, by asking Hart whether he operated his vehicle with ordinary care, the State erroneously sought Hart's opinion on an ultimate fact issue reserved for the jury. We conclude this complaint was not properly preserved for appellate review. It is not clear from the "misstatement of the law" objection or surrounding context that appellant was objecting on the ground that the State's question invaded the province of the jury. *See* Tex.R.App. P. 33.1(a)(1)(A); *Campos v. State*, 256 S.W.3d 757, 760 (Tex. App.-Houston [14th Dist.] 2008, pet. ref'd).

---

1. *See* Tex. Transp. Code Ann. § 545.351 (West 1999).

2. *See* Tex. Gov't Code Ann. §§ 30.00014, .00024 (West Supp.2009) (governing appeal to county criminal court from municipal court).

3. *See* Tex. Gov't Code Ann. § 30.00027(b) (West 2004) (providing that the same briefs and record before county criminal court are filed with court of appeals).

Accordingly, we overrule appellant's second issue.

## B. Texas Transportation Code Section 545.351

■ Appellant's third and fourth issues concern his interpretation of Transportation Code section 545.351, which provides, in pertinent part:

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with *another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.*

Tex. Transp. Code Ann. § 545.351(b) (emphasis added).

In his fourth issue, appellant argues the municipal court erred by denying his motion for instructed verdict. In his motion, appellant challenged the sufficiency of the evidence supporting the jury's implicit findings that Hart was on "the highway in compliance with law" and exercised his duty of due care. Appellant contends section 545.351(b)(2)—specifically, the language "is on ... the highway in compliance with the law"—requires that the State present evidence supporting a conclusion that the driver of the other vehicle complied with every existing vehicle-related regulation. Appellant lists a sample of over twenty traffic regulations[4] and argues that "[t]he State should have negated the possible violations of these and count-

less other laws that [Hart] may not have been in compliance with at the time."

This issue requires us to interpret statutory language. When interpreting a statute, we seek to effectuate the collective intent of the legislators who enacted the statute by giving effect to the plain meaning of the statutory text, unless application of the statute's plain meaning would lead to absurd consequences that the legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

In light of the purpose of section 545.351(b)(2), establishing that the driver of the other vehicle was "on or entering the highway in compliance with law" does not necessitate presentation of evidence that his vehicle passed state inspection, for example. It would be an unreasonable interpretation of the statute to require the State to prove the driver of the other vehicle complied with "countless" vehicle-related regulations, many of which have little or nothing to do with whether the driver of the other vehicle bore responsibility for the collision due to his own negligence or vehicle operation. Accordingly, we reject appellant's construction of section 545.351(b)(2).

■ Relative to appellant's sufficiency challenge, we conclude the evidence supports beyond a reasonable doubt the jury's determination that Hart was operating his vehicle in compliance with law and the duty of each person to use due care. Hart testified that he had been traveling in the middle lane of traffic for at least five miles when traffic became congested, causing him and other drivers to slow down abruptly. He explained that around 10:00 a.m., his pickup truck was at a complete

---

4. The cited regulations govern, among other matters, seatbelt use, driver's licenses, inspec-     tion stickers, and vehicle size and weight.

stop and he was talking on the telephone when appellant's semi-truck collided with the rear of his vehicle. He also testified that he was operating his vehicle "correctly" at the time of the collision. Appellant did not cross-examine Hart on these issues. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Young v. State*, 14 S.W.3d 748, 753 (Tex.Crim.App.2000).[5] Accordingly, we overrule appellant's fourth issue.

In his third issue, appellant contends the municipal court erred by sustaining the State's objection to his jury argument. During jury argument, appellant attempted to argue that the State did not prove "Hart had a driver's license, had any insurance, [or] his vehicle was inspected and was registered." The municipal court sustained the State's objection that this argument is irrelevant to Hart's operation of his vehicle. For the reasons outlined above, we conclude the municipal court did not err by sustaining the State's objection. We overrule appellant's third issue.

## C. *Batson* Challenge

Lastly, we address appellant's first issue, in which he contends the municipal court erred by (1) concluding appellant did not make a *prima facie* showing of racial discrimination by the State in its use of peremptory strikes, (2) failing to ask the State to provide the reasons for its peremptory strikes, and (3) denying appellant's *Batson* motion.

Under *Batson v. Kentucky,* a party may not exercise its peremptory strikes during jury selection to exclude a potential juror solely on the basis of race. 476 U.S. 79, 85–86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). A defendant objecting that the State has violated *Batson* must make a *prima facie* showing of racial discrimination in the State's exercise of its peremptory strikes. *See Herron v. State*, 86 S.W.3d 621, 630 (Tex.Crim.App.2002).

As explained above, we previously determined that appellant made a *prima facie* showing that the State engaged in racial discrimination by using two of its three peremptory strikes to strike two of the three black venire members. Accordingly, we abated this case and ordered the municipal court to conduct a full *Batson* hearing.[6] The municipal court has done so and concluded that the State did not engage in purposeful racial discrimination by striking two of the three black venire members. We now review this conclusion.

After the defendant makes a *prima facie* showing, a presumption arises that the peremptory strikes were used to discriminate on a racial basis, and the burden shifts to the State to present race-neutral explanations for the strikes. *See id.* Once the State has articulated race-

---

5. While this appeal was pending, five judges on the Texas Court of Criminal Appeals held that a single standard should be used to evaluate whether the evidence is sufficient to support a criminal conviction beyond a reasonable doubt: legal sufficiency. *See Brooks v. State*, 323 S.W.3d 893, 894–95, 905–07 (Tex. Crim.App.2010) (plurality op.); *id.* at 927–28 (Cochran, J., concurring). Accordingly, to the extent appellant challenges the factual sufficiency of the evidence, we review such challenge under the legal-sufficiency standard. *See Pomier v. State*, 326 S.W.3d 373,

378–79 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.) (adopting single standard of review required by *Brooks* ).

6. *See Hutchinson v. State,* 86 S.W.3d 636, 638–39 (Tex.Crim.App.2002) ("[W]e have long abated appeals and remanded cases to the trial court to conduct a *Batson* hearing when the trial court had erroneously denied such a hearing after the requisite *prima facie* showing had been made.").

neutral explanations, the burden shifts back to the defendant to prove the State's explanations are actually a pretext for discrimination. *See id.* The trial court then determines whether the defendant carried his burden of proving discrimination. *Id.* Because the trial court's decision often turns largely on an evaluation of credibility, we give the trial court's decision great deference and will not overturn it on appeal unless it is clearly erroneous. *Id.* We review the record of a *Batson* hearing and the voir dire examination in the light most favorable to the trial court's ruling. *Young v. State,* 283 S.W.3d 854, 866 (Tex. Crim.App.2009).

At the *Batson* hearing, the prosecutor testified regarding his reasons for striking the black venire members. According to the prosecutor, he struck one of the members because she indicated she did not drive. The prosecutor explained, "We were dealing with a case involving an automobile accident; and, of course, I felt that it was kind of pertinent that the people have acquaintance with driving a car and being able to relate to the fact that, you know, drivers have to maintain certain distances and just what it's like about driving a car." The prosecutor also testified that he struck another black venire member because he had received a traffic ticket within the last five years and "kind of halfway raised his hand and kind of put it down" when asked if he believed the ticket was unjust. The prosecutor explained, "I felt that since he felt the ticket was unjust ... he might be a little bit biased against the State[.]" Thus, the prosecutor proffered race-neutral explanations for striking two of the three black venire members.[7]

On cross-examination, defense counsel challenged the prosecutor on his ability to remember why he struck venire members in a routine case that occurred five years before. Defense counsel also established that the prosecutor was unable to remember the race of every venire member.

Viewing the evidence in the light most favorable to the municipal court's ruling, we cannot conclude that the court clearly erred by denying appellant's *Batson* motion. The primary determination for the court was whether it believed the prosecutor still remembered why he exercised his strikes. Apparently, the court did believe the prosecutor, and we afford great deference to this credibility determination. *See Herron,* 86 S.W.3d at 630. Accordingly, we overrule appellant's first issue.

We affirm the municipal court's judgment.

---

**7.** An explanation is race-neutral if it is "based on something other than the race of the juror." *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). The State's reason need not be persuasive or even plausible. *Purkett v. Elem,* 514 U.S. 765, 767–68, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam). The State's explanation will be deemed race-neutral "[u]nless a discriminatory intent is inherent in the prosecutor's explanation." *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859.