346 S.W.3d 261 (2011)
Israel RUIZ-ANGELES, Appellant,
v.
The STATE of Texas, Appellee.
No. 14-10-00301-CR.
Court of Appeals of Texas, Houston (14th Dist.).
August 9, 2011.
*263 Alexander B. Wathen, Houston, for appellant.
Marshall A. Shelsy, Houston, for appellee.
Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

OPINION
TRACY CHRISTOPHER, Justice.
Appellant Israel Ruiz-Angeles was convicted in a Harris County municipal court for failure to control his speed, and the county criminal court at law affirmed his conviction. In this further appeal, appellant makes the same arguments he originally raised in the municipal court in his motion for new trial and repeated in the county criminal court at law.[1] Like the lower courts, we are called upon to decide whether a Harris County municipal court may include individuals in one venire who were removed from another venire earlier the same day in a different case. The appellant argues that the trial court erred both in overruling his challenge for cause to members who served in successive venires and in refusing to allow his defense counsel to move for additional preemptory strikes. In addition, he contends reversal is required because, in the jury's presence, the trial court accused appellant's defense counsel of using delaying tactics and threatened the attorney with contempt. Appellant also contends that the trial court erred in overruling his objection to the prosecutor's questions to two witnesses as to whether other drivers used due care and whether their vehicles were in compliance with the law. Finally, he challenges the legal and factual sufficiency of the evidence that (a) his failure to control speed was voluntary, and (b) the complainant's vehicle "was on the highway in compliance with law and the duty to use due care." For each of these reasons, appellant contends that the county court at law erred in affirming the municipal court's judgment.
We conclude that the evidence is sufficient to support the verdict and that the Harris County municipal courts are not prohibited from including in a later venire those individuals who were removed from an earlier venire. Although we agree that the trial court erred in denying appellant the opportunity to move for additional peremptory *264 strikes, we conclude that the error was harmless. We further hold that the trial court's expressions of impatience with appellant's trial counsel did not create reversible error, and the trial court did not abuse its discretion in overruling appellant's evidentiary objections. We accordingly affirm the county criminal court at law's judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant was cited for failure to control his speed and colliding with another vehicle on January 30, 2006. He was tried by a jury in Houston Municipal Court No. 8 on March 21, 2006. At a bench conference out of the jurors' hearing, appellant's counsel asked the trial court before the start of voir dire whether any members of the panel "were used" in any cases with the same prosecutor. When the trial court answered, "Some of them have been," appellant's counsel stated that the defendant had a right to know which jurors these were, and objected to the entire panel. The trial court overruled the objection, and at defense counsel's request, shuffled the jury panel.
Both sides were allowed ten minutes for voir dire. In a second bench conference after the prosecutor's voir dire, appellant's counsel moved for additional time to question jurors about the prosecutor's voir dire in other cases. The trial court denied the motion. Appellant's counsel then questioned the panel and determined that several members had served on a jury panel earlier that day in cases in which the same prosecutor appeared. Each of these individuals affirmed that he or she could "totally disregard everything that happened in the other cases," specifically including any impressions of the prosecutor.
After using the allotted time for voir dire, appellant's counsel pointed out at a third bench conference that thirteen of the fourteen members of the panel had served on other venire panels that day. The attorney again asked for more time to question panel members about what was said in the prosecutor's voir dire in other cases, and the trial court again denied the motion. The attorney then challenged the same thirteen jurors on the grounds that (a) jurors who are removed from one panel must not be included on another panel until they are again summoned for jury service; and (b) because the prosecutor conducted voir dire in other cases with some of the same venire members, appellant's due-process rights were violated in that, relative to appellant's counsel, the prosecutor had more time for voir dire and more information about the jurors. The trial court denied these challenges.
The following exchange then occurred between the trial court and defense attorney Alexander Wathen:
THE COURT: Do we have everybody's strikes?
MR. WATHEN: No.
THE COURT: You will not approach again. Surrender your strikes to the Bailiff, and we will get this trial forward. Mr. Wathen, this is a Class C Misdemeanor. Turn in your strikes now.
MR. WATHEN: I object.
THE COURT: Get it down.
MR. WATHEN: Will the Court not allow me to make the required Motion?
THE COURT: The Court will not put up with anymore delaying strikes.
MR. WATHEN: Object and move for a Mistrial.
THE COURT: Give your strikes to the Bailiff now.
MR. WATHEN: I need two moments to write them down.

*265 THE COURT: You were given a list of their names, so that would not be necessary.
MR. WATHEN: Move for the Court to instruct the jurors to disregard all the Court's remarks.
THE COURT: Turn over your strikes now.
(Jurors chosen)
MR. WATHEN: Renew my Motion for a Mistrial. Can I get a ruling on my Motion for a Mistrial?
THE COURT: Motion is denied. Mr. Wathen, if you continue your dilatory tactics, I will hold you in Contempt. I will declare a Mistrial, but you will be held in Contempt.
MR. WATHEN: May I renew my objection, Your Honor?
THE COURT: Have a seat. Any objections to the panel?
MR. WATHEN: Yes, Your Honor. May I approach?
THE COURT: You can make your objection where you stand.
MR. WATHEN: Defense objects that Defense is not allowed to make his legally required Motion for preemptory challenges.
THE COURT: Denied.
The trial then proceeded.
Christian Moore testified that on the morning of January 30, 2006, he was driving north in the center lane on Hillcroft toward its intersection with Unity. The traffic light at the intersection was red, and a woman in a vehicle in the right lane already had stopped at the light. As Moore was slowing to stop, appellant passed him in the right lane and drove into the back of the woman's vehicle. Moore said Laura Dahlkemper, the woman whose vehicle was struck by appellant, was operating her vehicle properly in that "[s]he was stopped at a stop line just sitting there." According to Moore, appellant was going too fast to stop and it was a loud, hard collision.
Dahlkemper testified that she was licensed, insured, and stopped at the red light with her seat belt on when appellant's car hit her sport utility vehicle with such force that her SUV sustained more than $650 in damages. According to Dahlkemper, appellant had no driver's license and told her after the accident that he had no insurance and no brakes. She further testified that she was operating her vehicle within the law, but appellant failed to control his speed.
Appellant's defense to the charge was that the collision occurred because his brakes failed unexpectedly. During cross-examination, he both agreed that the brakes had been fixed, and denied that they had ever been fixed in the time he had owned the car. He also testified that he knew the brakes worked because he had checked them three months before the accident. He stated that his friend checked them; that they knew each other because the friend was his uncle; and that he didn't know his uncle's last name. He testified that his uncle was a mechanic, but when asked where his uncle worked, appellant answered only that his uncle was not working as a mechanic. When appellant was asked how fast he was going, he testified, "I didn't look. I don't remember."
The jury deliberated for seven minutes, unanimously found appellant guilty, and assessed a fine of $200. The municipal court denied appellant's motion for new trial, and he appealed to County Criminal Court at Law No. 14. The county court affirmed the municipal court's judgment, and appellant now appeals his conviction to this court.

II. ISSUES PRESENTED
In his first issue, appellant argues that a municipal court in a county with a population *266 of 1,500,000 or more must excuse jurors removed from one venire from serving in another venire on the same day. He asserts in his second issue that his due-process rights were violated. In his third issue, he contends that the trial court erred by refusing to allow his defense counsel to move for additional peremptory challenges and to identify unacceptable jurors who might serve on the jury. Appellant argues in his fourth issue that the trial court committed reversible error by threatening appellant's defense attorney with contempt and accusing the attorney of using delaying tactics. In his fifth issue, appellant contends that the trial court erred in allowing witnesses to offer an opinion that the complainant operated her vehicle in compliance with the law and the duty to use due care. In his last two issues, he challenges the legal and factual sufficiency of the evidence. Specifically, appellant argues in his sixth issue that his conviction cannot stand in light of his uncontroverted testimony that his brakes failed, and in his seventh issue, he asserts that there is legally and factually insufficient evidence that the complainant complied with the law and the duty of due care.

III. ANALYSIS

A. Sufficiency of Evidence that Complainant Operated Vehicle in Compliance with Law and with the Duty to Use Due Care
We begin with appellant's challenge to the sufficiency of the evidence, which we evaluate by considering all of the evidence in the light most favorable to the verdict. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App.2010) (plurality op.); id. at 914 (Cochran, J., concurring).[2] If, when viewed in this light, any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt, then the evidence is legally sufficient to support the verdict. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.
Citing section 545.351(b)(2) of the Texas Transportation Code, appellant argues that the State presented insufficient evidence that when the accident occurred, Dahlkemper's vehicle was on the highway in compliance with the law and with her duty to use due care. See TEX. TRANSP. CODE ANN. § 545.351(b)(2) (West 2011) ("An operator ... shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.") (emphasis added). Appellant contends that as a result of this provision, the State must prove that the complainant complied with every vehicle-related regulation. He argues that he is entitled to reversal because the State presented no evidence that the complaining witness complied with more than twenty traffic regulations, including regulations about riding in a house trailer, using proper motorcycle seats, and other regulations having no relevance to this case. *267 According to appellant, "[t]he State should have negated the possible violations of these and countless other laws that the complaining witness may not have been in compliance with at the time."
In advocating this position, appellant repeats verbatim the argument we rejected in McQueen v. State, 329 S.W.3d 255 (Tex. App.-Houston [14th Dist.] 2010, no pet.). As we explained then,
It would be an unreasonable interpretation of the statute to require the State to prove the driver of the other vehicle complied with "countless" vehicle-related regulations, many of which have little or nothing to do with whether the driver of the other vehicle bore responsibility for the collision due to his own negligence or vehicle operation.
Id. at 258. In sum, we will not hold the evidence insufficient to support the verdict solely because the State failed to negate the possibility that the complainant violated the law in some way that has no bearing on the speed at which it was reasonable and prudent for appellant to drive.
Here, it is undisputed that appellant drove his car into the back of Dahlkemper's vehicle while she was stopped at a red traffic light. Thus, the evidence is sufficient to support the verdict. We accordingly overrule appellant's seventh issue.

B. Denial of Opportunity to Preserve Error
Appellant's first and third issues are intertwined. Earlier in the day of appellant's trial, thirteen of the fourteen members of the venire panel had served on venire panels in other cases. Appellant argued to the trial court that these individuals should not be included in the venire panel in his case, and moved to strike each of the thirteen potential jurors for cause. The trial court denied the motion. In his first issue, appellant argues that a prospective juror who has been removed from the venire panel in Harris County for any reason may not be included in another venire panel on the same day. See TEX. GOV'T CODE ANN. § 62.021 (West 2005) (providing that in counties with a population of more than 1.5 million, a prospective juror who has been removed from a jury panel must not serve on another panel until his name is again drawn for jury service). But appellant argues in his third issue that the trial court refused to allow him to preserve his complaint of error by moving for additional peremptory strikesa step that is necessary to preserve for appeal the argument that appellant was harmed by the trial court's erroneous denial of a challenge for cause. See Davis v. State, 329 S.W.3d 798, 807 (Tex.Crim.App.2010) (explaining that, to preserve the argument that the trial court harmed the defendant by erroneously denying a challenge for cause, the defendant must show that (1) he asserted a clear and specific challenge for cause, (2) he used a peremptory challenge on the complained-of venire member, (3) he exhausted his peremptory strikes, (4) his request for additional strikes was denied, and (5) an objectionable juror sat on the jury). We therefore begin our analysis with the error-preservation issue.
It is axiomatic that a defendant in a criminal trial must be allowed to preserve error. See Moosavi v. State, 711 S.W.2d 53, 54 (Tex.Crim.App.1986) ("Appellate courts review and correct trial court error. To enable them to do this the error must be properly preserved during trial so that a complete record of the error can be reviewed on appeal."). But it is clear from this record that if appellant's counsel moved for additional peremptory strikes as required to preserve the claim of harmful error, the trial court not only *268 would deny the motion, but additionally might hold appellant's counsel in contempt. Under these circumstances, appellant did as much to preserve error as reasonably could be expected. Because we agree that the trial court erred in refusing to allow appellant's counsel to move for additional peremptory strikes, we sustain appellant's third issue.
This raises the question of the appropriate remedy. When the trial court refuses to allow the appellant to take the steps necessary to preserve error, the appellate court may abate the appeal and remand for a hearing in the trial court to allow the appellant to perfect the record. See TEX.R.APP. P. 44.4 (if remediable trial-court error prevents proper presentation of the case, appellate court must not affirm or reverse, but instead must direct the trial court to correct the error). This procedure is particularly suited to cases in which the trial court prevented the appellant from including material in the record that would be necessary for the reviewing court to address the merits of appellant's complaint. See, e.g., Spence v. State, 758 S.W.2d 597, 599 (Tex.Crim.App.1988) (abating appeal and remanding to the trial court to allow appellant to perfect the record where trial court refused to allow appellant to make an offer of proof or perfect a bill of exceptions).
Here, however, the trial court's refusal to allow appellant to move for additional peremptory strikes did not prevent him from developing the record for our review. Specifically, the record shows that appellant challenged all but one of the members of the venire, identified the statute on which he relied, and used all of his peremptory strikes against the challenged members of the panel. In addition, three copies of the list of venire members are in the record: one shows the State's strikes, one shows the defense strikes, and one combines the two and shows the jurors who actually served. Five of the six jurors who heard the case were the subjects of appellant's unsuccessful challenge for cause, and we can identify each from the record by both name and juror number. In short, the absence of a motion for additional peremptory strikes does not harm the record, which already includes all of the information that the motion would have contained. See TEX.R.APP. P. 33.1(a)(1)(A) (specific grounds for a request, objection, or motion may be apparent from the context).
Having concluded that (1) appellant has preserved his complaint that the trial court erred in denying his challenges for cause, and (2) the record is sufficiently developed for us to evaluate this argument, we now can proceed to consider the merits of appellant's first issue.

C. Mandatory Excuse of Jurors Previously Removed for Cause
Appellant argues that in Harris County, a person removed from one venire may not be included in another venire on the same day. TEX. GOV'T CODE ANN. § 62.021 (West 2005) (providing that in counties with a population of more than 1.5 million, a prospective juror who has been removed from a jury panel must not serve on another panel until his name is again drawn for jury service). The State responds that this general provision conflicts with article 45.027 of the Code of Criminal Procedure concerning the procedures for summoning individuals for jury service in justice and municipal courts. See TEX. CODE CRIM. PROC. Ann. art. 45.027 (West 2006). In contrast to section 62.021, article 45.027(b) provides that individuals summoned for jury service in justice and municipal courts "shall remain in attendance as jurors in all cases that may come up for *269 hearing until discharged by the court." Id. art. 45.027(b).[3]
After a person has been removed from the venire in one case, the municipal court cannot comply both with the requirement in section 62.021 to dismiss the prospective juror and with the requirement in article 45.027(b) to retain that individual. Because the statutes conflict, we must determine whether the trial court erred in retaining the venire members pursuant to article 45.027 rather than discharging them pursuant to section 62.021.
We conclude that the trial court did not err because it was not required to comply with section 62.021 as appellant contends. In matters of "procedure concerning trial by jury," municipal courts of record must "substantially conform to Chapter 45 [of the] Code of Criminal Procedure." TEX. GOV'T CODE ANN. § 30.00013(a). This requirement is consistent with the rule of statutory construction that when irreconcilable statutes apply, the more specific provision is given controlling effect. See id. § 311.026(b). Article 45.027 expressly applies to jury trials in justice and municipal courts; thus, it is the more specific provision. See Cantu v. Samples, 581 S.W.2d 195, 196 (Tex.Civ.App.-San Antonio 1979, no writ) (addressing the predecessor *270 to section 62.021 and explaining that in municipal courts, the jury-selection procedure is not governed by the general "jury wheel law" but by the more specific provision of article 45 of the Code of Criminal Procedure), cited with approval in Huynh v. State, 901 S.W.2d 480, 482 (Tex.Crim. App.1995). The placement of the two provisions within their respective codes further supports this conclusion. Chapter 62 of the Government Code addresses the constitution of petit juries, and section 62.021 is found in subchapter A, entitled "General Provisions." Article 45.027 is found in the Code of Criminal Procedure in chapter 45, entitled "Justice and Municipal Courts," and within subchapter B, "Procedures for Justice and Municipal Courts."
Because the municipal court was not required to follow Government Code section 62.021 and instead substantially conformed to article 45.027 by including in a later venire members who had been removed from an earlier venire, the trial court did not err in overruling appellant's challenges for cause. See Loredo v. State, 159 S.W.3d 920, 924 (Tex.Crim.App.2004) ("The trial court had no obligation to grant appellant's request for additional peremptory strikes unless appellant first showed his challenge for cause should have been granted."). Thus, we overrule appellant's first issue.

D. Due Process
Appellant frames his second issue as follows:
Whether it is a violation of Due Process to allow jurors whom the prosecutor has had on a prior panel the same day and questioned during such voir dire before the same judge when defense counsel was not present to serve on the jury without informing defense counsel of the existence of such jurors or giving defense counsel information as to what was said during such voir dire proceeding.
Appellant presents only his bare assertion, unsupported by authority. He characterizes this as an issue of first impression, but makes no argument as to how such facts would constitute a violation of his constitutional right to due process.[4]
We cannot "make novel legal arguments for appellant." Rhoades v. State, 934 S.W.2d 113, 119 (Tex.Crim.App.1996). This issue therefore is waived. See TEX. R.APP. P. 38.1(i).

E. Trial Court's Threat of Contempt and Characterization of Defense Counsel's Tactics
In his fourth issue, appellant contends that he was denied a fair trial under the Due Process Clause of the Fourteenth Amendment because in the jury's presence, the trial court accused appellant's counsel of using delaying tactics and threatened the attorney with contempt.[5] A defendant has a due-process right to a neutral and detached hearing officer or tribunal. Brumit v. State, 206 S.W.3d 639, 645 (Tex.Crim.App.2006). We begin our analysis with the presumption that the trial court's actions were correct, and a clear *271 showing of bias is required to overcome this presumption. Id.
After reviewing the entire record, we have found no clear showing of judicial bias. See Rodriquez v. State, 552 S.W.2d 451, 456 (Tex.Crim.App.1977) (holding that appellant was not deprived of a fair trial where, "[o]n several occasions, usually in chambers, the trial judge did remind the defense counsel that the failure to observe his rulings might result in contempt proceedings") (emphasis added). As the Court of Criminal Appeals has pointed out, "a trial judge's irritation at the defense attorney does not translate to an indication as to the judge's views about the defendant's guilt or innocence." Jasper v. State, 61 S.W.3d 413, 421 (Tex.Crim.App.2001). If the conduct of counsel is such that a trial judge believes that threatening counsel with contempt is necessary, it is better practice to do so in the absence of the jury, or at the bench outside of the jury's hearing. See Burris v. State, 161 Tex.Crim. 210, 213-214, 276 S.W.2d 260, 263 (1953). Here, it appears that counsel was only trying to preserve the perceived error for appellate review, rather than to waste time as the trial court believed. However, the dispute between the trial court and defense counsel was limited to matters of procedure that had no bearing on the evidence or the merits of the case, and the entire exchange was over before the jury was empaneled. The judge's comments did not reflect on the guilt or innocence of the defendant, and neither injured the defendant nor benefited the State. See Joshlin v. State, 488 S.W.2d 773, 776 (Tex. Crim.App.1973). We therefore overrule appellant's fourth issue.

F. Evidentiary Objection to "Compliance with Law" Testimony
When the prosecutor asked Moore whether he had reason to believe that Dahlkemper failed to exercise the duty to use due care, appellant objected that the question called for a conclusion of law. He raised the same objection when the prosecutor asked Dahlkemper whether she was operating her car in compliance with the law and whether appellant failed to control his speed. On appeal, he argues that the trial court erred in overruling these objections because, according to appellant, a witness is not permitted to give an opinion on an ultimate fact. Even assuming that the trial court understood this to be appellant's objection,[6] appellant's argument is incorrect; such testimony is expressly permitted under the Texas Rules of Evidence. TEX.R. EVID. 704 ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."); Fairow v. State, 943 S.W.2d 895, 897 n. 5 (Tex.Crim.App.1997). We overrule appellant's fifth issue.

*272 G. Voluntary Act or Omission
Finally, appellant contends there is insufficient proof that his failure to control his speed was due to his own voluntary act or omission. It has long been established, however, that speeding is a "strict liability" offense for which no such proof is required. See Zulauf v. State, 591 S.W.2d 869, 872 (Tex.Crim.App.1979); Reed v. State, 916 S.W.2d 591, 592 (Tex. App.-Amarillo 1996, pet. ref'd). We accordingly overrule appellant's sixth issue.

IV. CONCLUSION
Because the evidence is sufficient to support the judgment and appellant's challenges for cause and evidentiary objections were meritless, we affirm.
FROST, J., concurring.
NOTES
[1] See TEX. GOV'T CODE ANN. § 30.00014(a) (West 2004 & Supp. 2009) (the county criminal court at law determines the appeal based on the errors alleged in the appellant's motion for new trial); id. § 30.00027(c) (the record and briefs on appeal to the county criminal court at law are the record and briefs on appeal to the court of appeals).
[2] Appellant frames this issue as a challenge to the legal and factual sufficiency of the evidence. After the briefs in this case were filed, a majority of the members of the Court of Criminal Appeals abolished factual sufficiency review as to elements of a criminal offense that the State is required to prove beyond a reasonable doubt. Brooks, 323 S.W.3d at 895, 904-05 (plurality op.); id. at 912-13 (Cochran, J., concurring); see also Howard v. State, 333 S.W.3d 137, 138 n. 2 (Tex.Crim. App.2011). Inasmuch as factual insufficiency is no longer a basis for reversal, we review appellant's evidentiary challenge only under the legal-sufficiency standard of review prescribed in Brooks.
[3] When construing a statute, we give effect to the plain meaning of the text unless the text is ambiguous or the plain meaning would lead to absurd results that the legislature could not possibly have intended. Williams v. State, 273 S.W.3d 200, 215 (Tex.Crim.App.2008). The text of article 45.027 is problematic in that the legislature used a different word each time it referred to the entity or entities that are summoned for jury service. The statute, which is entitled, "Jury Summoned," provides as follows:

(a) If the accused does not waive a trial by jury, the justice or judge shall issue a writ commanding the proper officer to summon a venire from which six qualified persons shall be selected to serve as jurors in the case.
(b) The jurors when so summoned shall remain in attendance as jurors in all cases that may come up for hearing until discharged by the court.
(c) Any person so summoned who fails to attend may be fined an amount not to exceed $100 for contempt.
Id. (emphasis added).
We presume that in enacting the statute, the legislature intended to achieve a just and reasonable result that complies with the state and federal constitutions. See TEX. GOV'T CODE ANN. § 311.021(1), (3) (West 2005). And although the language of article 45.027 lacks precision, the legislature is not alone in failing to use distinctive terms consistently to distinguish between a person who is summoned for jury service, a person who responds to such a summons and is included in a venire, and a person who actually is selected from a venire to serve on a jury. See, e.g., Easterling v. State, 710 S.W.2d 569, 576 (Tex. Crim.App.1986) ("The record does not contain either the original jury list which shows the names of jurors called for jury duty, nor does it include the juror information sheets which were filled out by those who appeared for jury duty."); see also Green v. State, 764 S.W.2d 242, 246 (Tex.Crim.App.1989) (referring to a "prospective juror that is not absolutely disqualified" both as a "disqualified prospective juror" and simply as a "disqualified juror"). For over a hundred years, courts have relied on context to make these distinctions clear. Compare Harrelson v. State, 60 Tex.Crim. 534, 132 S.W. 783, 785 (1910) (explaining that a "special venire" is a writ commanding the sheriff "to summon such number of persons" to appear in court on a particular date and that the "jury ... is to be selected" from those persons) with id. (noting that "the jurors appeared ... by direction of the writ aforesaid"). In enacting article 45.027, the legislature appears to have followed the same practice. By distinguishing between those who have been summoned and those who have been selected, it is apparent from the context that the term "jurors" as used in article 45.027(a) refers to those individuals who were chosen from a venire to serve on the petit jury in a particular case. It is equally apparent from the use of the phrase "when so summoned" and the omission of any mention of selection in article 45.027(b) that the word "jurors" is used in that subsection to refer to venire members.
[4] Moreover, the issue as stated does not reflect the facts in this case. Here, appellant's defense counsel was informed that some members of the venire had been in an earlier venire in which the State was represented by the same prosecutor.
[5] Appellant states that this conduct also violated "related provisions of the Texas Constitution," but cites no argument or authority that the trial court's actions violated the due-course-of-law provision of the state constitution. See TEX. CONST. art. I, § 19. This complaint therefore is waived. See Brumit v. State, 206 S.W.3d 639, 646 n. 3 (Tex.Crim. App.2006).
[6] An objection that a question calls for a conclusion of law could be understood in some circumstances to be an objection that "`[t]o permit such testimony invades the province of the jury and authorizes the witness to determine the very issue for the court and jury.'" See Bell v. Bell, 248 S.W.2d 978, 987, 988 (Tex.Civ.App.-Amarillo 1952, writ ref'd n.r.e.) (quoting Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 628 (1895)) (questions posed to medical witnesses called for conclusions of law regarding testator's testamentary capacity). It might instead be understood as an objection that the question requires a lay witness to offer an expert opinion rather than an opinion based on the witness's own perceptions. Compare TEX.R. EVID. 701 (opinion testimony by lay witnesses that is based on the witness's perception and helpful to the trier of fact is admissible) with Birchfield v. Texarkana Mem'l Hosp., 747 S.W.2d 361 (Tex. 1987) (explaining that an expert "may state an opinion on a mixed question of law and fact as long as the opinion is confined to the relevant issues and is based on proper legal concepts").