**Affirmed and Opinion Filed June 4, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01427-CV**

**TROY D. SHIELDS, JR., Appellant**
**V.**
**PATRICIA K. SHIELDS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-04278-C**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Troy D. Shields, Jr. appeals the trial court's judgment ordering that Patricia

Shields was entitled to possession of a house and that she recover $8,000 from

appellant. Appellant's pro se brief on appeal complains that he was not allowed to

speak in the trial court or to prove his case. He also appears to complain that the

evidence was insufficient to support the trial court's judgment. We affirm the trial

court's judgment.

### BACKGROUND

Appellee filed a petition for eviction against appellant in Justice Court. The

Justice Court granted the petition for eviction, ordering that appellee was entitled to

possession of the premises and that appellant surrender possession of the premises to appellee. Appellant appealed this judgment to the County Court at Law. That court held a trial on the eviction cause of action. Appellant represented himself, and appellee was represented by counsel.

Appellee testified that she and appellant had an oral lease for a residence and that appellant promised to pay appellee rent of $400 per month. Appellant moved into the residence in January 2016. Between then and the day of trial on November 15, 2019, appellant had made only one $400 payment. On April 26, 2019, appellee gave appellant notice to vacate within thirty days by mail and by taping a copy of the notice to the door of the residence. The trial court gave appellant the opportunity to ask appellee questions. The trial court determined that the question appellant asked had already been answered, and appellant said he did not want to ask any other questions. The trial court then gave appellant an opportunity to present his case.

Appellant told the trial court there was no rental agreement, that it was appellee's idea that he reside in the house, and that he never made a rental payment. He told the court he gave appellee $400 out of kindness, not as rent or pursuant to an agreement. He also told the court he never received a notice to vacate. He explained to the court that he thought he was going to have a lawyer representing him who would subpoena his witnesses, but he learned the preceding Friday that he would not have a lawyer.

The trial court rendered judgment for appellee, awarding her possession of the property and a judgment against appellant for $8,000.

## APPELLANT'S BRIEF

Appellant is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

> After appellant filed his original brief, we issued an order stating:
>
> the brief does not comply with the requirements of the rules of appellate procedure. Specifically, it does not identify the parties and counsel and does not include a table of contents, index of authorities, statement of the case or facts with citations to the record, statement of issues presented, argument with citations to the record and appropriate authorities, prayer, appendix, and certificate of compliance regarding word count. *See* TEX. R. APP. P. 9.4(i)(2)(B), (3), 38.1.

We ordered appellant to file an amended brief complying with the rules and cautioned him that "failure to comply may result in the appeal being dismissed without further notice."

Appellant filed an amended brief. This brief contains a "Table of Contents," but it includes references to sections that do not appear in the brief, and it does not

provide page numbers. The amended brief contains a "Statement of the Case," but it is not supported by record references as required by the rule. *See* TEX. R. APP. P. 38.1(d). Like the original brief, the "Argument" section of the amended brief contains no citations to authorities or the record. *See id.* 38.1(i). The amended brief also lacks an index of authorities, statement of issues presented, prayer, appendix, and certificate of compliance with word count.

We cannot make appellant's arguments for him. *See Ruiz-Angeles v. State*, 351 S.W.3d 489, 498 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). "The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal." *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.). "Bare assertions of error, without argument or authority, waive error." *Bufkin v. Bufkin*, 259 S.W.3d 343, 354 (Tex. App.—Dallas 2004, pet. denied). With no arguments in support of the assertions of error, there is nothing for us to review. *See Bouie v. Kirkland's Stores, Inc.*, No. 05-12-00453-CV, 2013 WL 4033645, at *1 (Tex. App.—Dallas Aug. 8, 2013, no pet.) (mem. op.).

**APPELLANT'S ASSERTIONS OF ERROR**

Appellant's brief makes only the barest assertions of error: "[I] was NOT given the slightest chance to prove against the claims of Ms Shields, and she never had to prove the validity of her case in any way." Appellant presents no argument

or authorities in support of these assertions of error.  Accordingly, there is nothing for us to consider.

Moreover, appellant's statements are factually incorrect.  The record shows the trial court gave appellant the opportunity to present his case.  Appellee testified, and after her attorney completed the direct examination, the following occurred:

> The Court:  [speaking to appellant] . . . . You can't testify yet, but do you have a question you would like to ask her [appellee]?
>
> [Appellant]:  She knows she's lying.
>
> The Court:  I didn't ask that.  Hey, I said, and I mean it, do you have a question you would like to ask her?
>
> [Appellant]:  Sure.  Yes, ma'am.
>
> The Court:  Be sure it's a question, not a statement.
>
> [Appellant]:  I would like to know exactly what you mean by oral agreement.
>
> The Court:  Okay.  Excuse me.  I couldn't hear.
>
> [Appellant]:  Your Honor, may I say something to you, please?
>
> The Court:  No, you may not.  I need to know what you want to ask her.  But in the meantime there is noise in the courtroom, and I couldn't hear you.
>
> You can ask now.  I can hear.
>
> [Appellant]:  I would like to know what the oral agreement was.
>
> The Court:  She just stated what the oral agreement was.
>
> [Appellant]:  It doesn't mean it's true.
>
> The Court:  All right.  Then you're not going to get her to change, so that's not going to work.
>
> Anything else you would like to ask her?

[Appellant]: No, ma'am.

Appellee then rested. The trial court then told appellant, "Now you can talk to me." Appellant told the trial court there was no rental agreement and "[w]e've never talked about anything that I'm owing her. . . . It was her idea for me to be in that house." He explained, "I never made a payment. I've given her money out of kindness. Had nothing to do with rent or agreement." He told the court that appellee was lying about having given him notice to vacate. We conclude the record shows appellant was given the opportunity to speak and to present his case in the trial court.

Appellant's assertion that appellee "never had to prove the validity of her case in any way" appears to challenge the sufficiency of the evidence to support the judgment. Appellant did not request, and the trial court did not file, findings of fact and conclusions of law. When no findings of fact and conclusions of law were requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar*, 136 S.W.3d at 754.

We review the implied findings of fact for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which

–6–

the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

A party attacking the factual sufficiency of the evidence of an adverse finding on which the party did not have the burden of proof must demonstrate on appeal that the finding is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 589, 610–11 (Tex. App.—Dallas 2010, no pet.). We consider and weigh all the evidence in support of and contrary to the finding. *Id.*

The elements of a landlord's cause of action for forcible detainer (i.e., eviction) are: (1) a landlord–tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, a tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender the possession

to the landlord. *Oseguera v. Loredo*, No. 09-19-00103-CV, 2019 WL 4865195, at *2 (Tex. App.—Beaumont Oct. 3, 2019, no pet.); *see* TEX. PROP. CODE ANN. § 24.002; TEX. R. CIV. P. 510.

Appellee testified that she and appellant entered into an oral lease for $400 rent per month. Appellant moved into the residence in January 2016. He made a $400 rent payment in July 2017 but paid nothing else. Appellee gave appellant written notice to vacate on April 26, 2019, which she mailed to him and her friend taped to his door. The notice stated appellant's rights of occupancy and possession were terminated because he had not paid the rent. The notice required appellant to vacate within thirty days, by May 26, 2019. Appellee filed suit for eviction on June 17, 2019. The trial before the County Court at Law took place on November 15, 2019, over five months after the time the required for appellant to vacate the premises. Appellant does not explain what element of an eviction cause of action appellee failed to prove. *See Oseguera*, 2019 WL 4865195, at *2; PROP. § 24.002. Although appellant testified that he was not required to pay rent and that he did not receive any notice to vacate, the trial court chose to believe appellee. We conclude appellant has not shown the evidence was legally or factually insufficient to support the trial court's judgment.

## CONCLUSION

We overrule appellant's assertions of error, and we affirm the trial court's judgment.

191427f.p05

/Lana Myers//
_____
LANA MYERS
JUSTICE

## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

TROY D. SHIELDS, JR., Appellant

No. 05-19-01427-CV    V.

PATRICIA K. SHIELDS, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas Trial Court Cause No. CC-19-04278-C.

Opinion delivered by Justice Myers. Justices Partida-Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of June, 2021.