**Affirmed and Memorandum Opinion filed October 25, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-10-00067-CR
_____

**ADBIHAKIM HASSAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 14**
**Harris County, Texas**
**Trial Court Cause No. 5473**

## MEMORANDUM OPINION ON REMAND

On remand, we consider appellant Adbihakim Hassan's claims that the trial court erred in overruling his objections to police officers' testimony and that the trial court erred in denying his motion for deferred disposition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the offense of failing to stop at a clearly marked stop line while facing a red light, to which he pleaded "not guilty." A municipal court jury found appellant guilty of the misdemeanor traffic offense. On appeal, the county criminal court at law affirmed the conviction. *See* Tex. Gov't Code § 30.00014. Appellant appealed the decision of the county court to this court for de novo review, raising the following issues:

- An assertion that the trial court erred in denying his motion to quash in issues one and two;

- A challenge to the legal and factual sufficiency of the evidence in issue seven;

- A claim that the trial court erred in denying his *Batson* challenge in issues four and five;

- A claim that the trial court erred in denying his motion for a deferred disposition in issue three; and

- An assertion that the trial court erred in overruling his objections to officers' testimony in issue six.

This court overruled appellant's first, second, and seventh issues. *See Hassan v. State*, 346 S.W.3d 234, 237, 238 (Tex. App.—Houston [14th Dist.] 2011), *rev'd*, 369 S.W.3d 872 (Tex. Crim. App. 2012). This court sustained appellant's fourth and fifth issues, holding that appellant had established a *prima facie* case of racial discrimination pursuant to his *Batson* challenge, reversed the decision of the county court at law, and remanded the case to the municipal court for a new trial. *See id.* at 240. This court did not reach the merits of appellant's third and sixth issues. *See id.* at 240 & n.5. On discretionary review, the Texas Court of Criminal Appeals reversed this court's judgment, holding that appellant had failed to demonstrate a *prima facie* case of racial discrimination as raised in his *Batson* issues. *See Hassan v. State*, 369 S.W.3d 872, 878 (Tex. Crim. App. 2012). Now, on

remand, in accordance with the high court's directive, we consider appellant's remaining issues. *See id.*

## ISSUES AND ANALYSIS

### *Did the trial court err in denying appellant's motion for deferred disposition?*

In his third issue, appellant complains that the trial court erred in denying his motion for deferred disposition. Before the trial began, appellant made an oral motion for deferred disposition under both article 45.051 and article 45.0511 of the Texas Code of Criminal Procedure. The trial court denied the motion. Appellant reurged his motion after the State rested, and the trial court again denied the motion.

Article 45.051, entitled "Suspension of Sentence and Deferral of Final Disposition," provides:

> On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the judge may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days.

Tex. Code Crim. Proc. Ann. art. 45.051 (West 2006). Article 45.0511, entitled "Driving Safety Course or Motorcycle Operator Course Dismissal Procedures," similarly provides for dismissal of certain traffic offenses on completion of a driving safety course. Tex. Code Crim. Proc. Ann. art. 45.0511(s)(2) (West 2006). Neither article applies to an offense committed by a person who holds a commercial driver's license. *See* Tex. Code Crim. Proc. Ann. arts. 45.051(f)(2)(B), 45.0511(s)(2).

Although testimony at trial showed that appellant was driving a taxi cab when he was cited, appellant declined to answer when asked by the trial judge if he had a commercial driver's license. Appellant asserts that he was punished for electing to remain silent in violation of his constitutional right not to testify. Requiring a defendant to answer an inquiry about probation status is not a "classic penalty situation" in which a

3

party is threatened with punishment after asserting a privilege against self-incrimination. *See Minnesota v. Murphy*, 465 U.S. 420, 436, 104 S. Ct. 1136, 1148, 79 L. Ed. 2d 409 (1984); *Chapman v. State*, 115 S.W.3d 1, 8 (Tex. Crim. App. 2003). Appellant was not asked to incriminate himself, but instead to establish that he qualified for deferred adjudication probation. His Fifth Amendment right against self-incrimination was not implicated as he contends on appeal.

Appellant also argues that because deferred disposition is unavailable to a driver with a commercial operator's license, that driver is punished more severely than other drivers in violation of his constitutional rights. For support, appellant relies on the case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), a case in which the Supreme Court of the United States held that facts used to increase an offense's penalty beyond a statutory maximum must be submitted to a jury. We reject appellant's attempt to equate the denial of deferred disposition to an increase in the penalty for an offense and find *Apprendi* inapplicable to the facts of this case. First, an order deferring adjudication of guilt and placing a defendant on probation or community supervision is not a conviction. *See Price v. State*, 866 S.W.2d 606, 611 (Tex. Crim. App. 1993). Community supervision is an arrangement in lieu of the sentence—it is not part of the sentence. *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). Deferred adjudication is, therefore, not a form of punishment; punishment is assessed only after deferred adjudication probation is revoked. *See generally Walker v. State*, 557 S.W.2d 785, 786 (Tex. Crim. App. 1977) (holding that on revocation of deferred adjudication probation, trial court may assess punishment greater than term of original probation). Moreover, deferred disposition is discretionary, not a matter of right. *See* Tex. Code Crim. Proc. Ann. arts. 45.051, 45.0511; *see also Speth*, 6 S.W.3d at 534 (stating trial court's decision to grant community supervision is "wholly discretionary").

The trial court was unable to determine if appellant qualified for deferred disposition, and the court exercised its discretion to deny deferred disposition. Contrary

4

to appellant's assertion, the complaint is not required to contain an allegation, and the State is not required to prove, that appellant does not qualify for deferred disposition. *See* Tex. Code Crim. Proc. Ann. art. 45.019; *see also Mansfield v. State*, 306 S.W.3d 773, 775 (Tex. Crim. App. 2010) (holding appellant is required to plead and prove eligibility for probation). We conclude that the municipal court did not abuse its discretion in denying appellant's request for deferred disposition. We overrule appellant's third issue.

### *Did the trial court err in overruling appellant's objections to the police officers' testimony?*

In his sixth issue, appellant asserts that the municipal court erred in overruling his objections to questions that he claims called for a conclusion of law or ultimate issue for the jury. He complains that the trial court permitted Officer Lindsey and Sergeant Robinson to testify that appellant was not directed by a traffic device to turn left on the red light.

We review a trial court's evidentiary rulings for an abuse of discretion. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will not disturb the trial court's ruling if it is "within the zone of reasonable disagreement." *See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). Instead, we will uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

In general, witnesses must testify to matters about which they have personal knowledge. Tex. R. Evid. 602. Rule 701 provides: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact at issue." Tex. R. Evid. 701.

Opinion testimony that is otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact. Tex. R. Evid. 704; *Ex parte*

*Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004) (describing officer's testimony that defendant had not been attacked). The police officers testified based on their observations and experience in patrolling the same area where appellant was cited. We hold that the trial court did not abuse its discretion in admitting the officers' testimony. *See Ruiz-Angeles v. State*, 351 S.W.3d 489, 499 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Appellant's sixth issue is overruled.

Having overruled appellant's remaining issues on remand, we affirm the county court's order upholding the municipal court's judgment of conviction.


/s/    Kem Thompson Frost
Justice


Panel consists of Chief Justice Hedges and Justices Frost and Christopher.

Publish — TEX. R. APP. P. 47.2(b).