**Opinion issued November 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01030-CR

———————————

**WILBERT BURSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1582168

## MEMORANDUM OPINION

Wilbert Burse appeals from his conviction for aggravated assault. He contends that his counsel was ineffective during the punishment phase and that the punishment assessed by the trial court is cruel and unusual. We affirm the trial court's judgment.

# BACKGROUND

The state charged Burse with committing the second-degree felony offense of aggravated assault against Shannon Dawson, a person with whom he had a dating relationship, using and exhibiting a deadly weapon—a handgun—in the commission of the offense. *See* TEX. PENAL CODE § 22.02(a)(2), (b).

Burse pleaded guilty to the charged offense, and he filed a sworn motion for community supervision. In his motion, Burse swore that he had never been convicted of a felony or placed on community supervision for a felony offense. *See* TEX. CODE CRIM. PROC. art. 42A.055(b)(1) (sworn motion that defendant has not been convicted of felony required to be eligible for jury-recommended community supervision).

Punishment was tried to the court. Dawson testified that she and Burse had dated for almost two years and had lived together for some portion of that time. Their relationship began to deteriorate in November 2017. Burse accused her of infidelity. On one occasion, he thought he had discovered her talking to another man in the parking lot of the apartment complex where they resided, and Burse reacted by firing a handgun into the air and ordering her into his car. On several subsequent occasions, Burse arrived home from work, took out his handgun, paced back and forth for a few hours, and barred Dawson from leaving their bedroom.

One morning in March 2018, Dawson told Burse that she "was done" and "couldn't do it anymore." Burse responded, "As long as you're on this earth, we are

together." Later that morning, Dawson called Burse from her workplace and asked him to bring her cell phone to her. After Burse telephoned Dawson that he had arrived with her phone, she went outside to retrieve it. When Dawson opened his car door, he fired his handgun at her. The bullet went through the car door and hit Dawson in the leg.

The record contains little information as to the type of handgun Burse used, the caliber of bullet, or the extent of Dawson's injuries. Dawson described the firearm as "a small silver handgun." She indicated that the bullet grazed her and said that her "physical injuries" were limited to "just a permanent scar." Dawson was able to flee to safety after Burse shot her.

Burse testified in support of his motion for community supervision. He acknowledged his guilt. He characterized the shooting as "a mistake," apologized to Dawson, and said that he "never meant to hurt her." Out of court, Burse previously had stated that he merely meant "to scare her."

In closing, the prosecutor asked the trial court to impose the statutory maximum 20 years' incarceration. She argued that Burse "almost killed the complainant" and that his conduct evinced "no value for human life." Defense counsel in turn requested community supervision or, in the alternative, a sentence closer to the statutory minimum of two years' incarceration.

3

The trial court stated that community supervision was inappropriate under the circumstances: "This isn't a probation case. It's far from a probation case. You've already exhibited the gun several times now and you shot through the door and shot her. So, what if she hadn't have run?" The trial court assessed Burse's punishment at 13 years' confinement. In the court's judgment, it also found that Burse had used a deadly weapon, specifically a firearm, in the commission of the offense.

## DISCUSSION

### I. Ineffective Assistance

Burse contends that his attorney was ineffective by failing to (1) prove that Burse was eligible for probation; (2) object to the prosecutor's improper closing argument; and (3) object that the trial court's punishment was cruel and unusual.

#### A. Standard of review and applicable law

We assess claims of ineffective assistance under the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Under this test, Burse must establish two elements. First, he must prove by a preponderance of the evidence that his lawyer's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* Second, he must show that his lawyer's deficient performance prejudiced his defense by demonstrating that there is a

4

reasonable probability, or a probability that suffices to undermine confidence in the outcome, that the result would have differed. *Id.*

**B.      Analysis**

**1.      Failure to prove eligibility for probation**

Burse contends that his attorney provided ineffective assistance by failing to introduce evidence that Burse was eligible for community supervision. In particular, he complains of his lawyer's failure to show that he had no prior felony conviction.

After a defendant is convicted and punishment is assessed, the trial court in certain circumstances may suspend the sentence and place the defendant on community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.051(a)(1); *Ex parte Lea*, 505 S.W.3d 913, 915 (Tex. Crim. App. 2016). But the trial court is not required to place a defendant on community supervision simply because he is eligible; whether to do so rests entirely within the trial court's discretion and its decision is not reviewable. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999); *see also Hassan v. State*, 440 S.W.3d 684, 687 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (trial court's decision as to community supervision wholly discretionary).

The Code of Criminal Procedure distinguishes between judge-ordered and jury-recommended community supervision. *Compare* TEX. CODE CRIM. PROC. arts. 42A.053, 42A.054, *with* TEX. CODE CRIM. PROC. arts. 42A.055, 42A.056. Certain circumstances render a defendant ineligible for judge-ordered community

supervision; these include a finding that he used or exhibited a deadly weapon during the commission of a felony as well as the imposition of a sentence of 10 or more years of imprisonment. TEX. CODE CRIM. PROC. arts. 42A.053(c)(1), 42A.054(b)(1)(A).

Burse's appellate argument fails to distinguish between jury-recommended and judge-ordered community supervision. When punishment is tried to a jury, the defendant must file a sworn pretrial motion denying that he has been convicted of a felony and the jury must find his motion to be true in order to recommend community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.055(b). No such motion is required in order for a judge to impose community supervision when punishment is tried to the bench. *See* TEX. CODE CRIM. PROC. art. 42A.053(a). Because Burse was not required to prove that he was not a felon in order to receive judge-ordered community supervision, his attorney was not deficient by failing to introduce evidence that Burse had not been convicted of a felony. *See Young v. State*, 425 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Moreover, the trial court found that Burse used a deadly weapon, a firearm, in the commission of the offense. *See* TEX. PENAL CODE § 1.07(a)(17)(A). The trial court also sentenced Burse to 13 years' imprisonment. Each of these circumstances made Burse ineligible for judge-ordered community supervision. TEX. CODE CRIM. PROC. arts. 42A.053(c)(1), 42A.054(b)(1)(A). Thus, even if defense counsel's

failure to present evidence that Burse previously had not been convicted of a felony had been deficient, it would not have been not prejudicial. *See Sifuentes v. State*, 494 S.W.3d 806, 815 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (relying on *Gonzales v. State*, 748 S.W.2d 510, 512–13 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd)).

### 2. Failure to object during closing argument

Burse contends that his attorney provided ineffective assistance by failing to object to statements made by the prosecutor in closing argument, specifically that Burse did not value human life and had almost killed Dawson. Burse also contends that defense counsel should have objected to the prosecutor's argument that a 20-year sentence was appropriate and probation was not. Burse argues that these arguments were "improper, inflammatory, and highly prejudicial."

Proper jury argument generally is limited to summarizing the evidence, drawing reasonable deductions from the evidence, answering opposing counsel's arguments, and pleading for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). These limitations exist because arguments outside of these approved categories often put "before the jury unsworn, and most times believable, testimony of the attorney." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). It is debatable whether or to what degree this same concern is implicated in a non-jury trial. Because the state does not dispute that closing

7

arguments in a non-jury trial are subject to the same standard as ones made before a jury, however, we assume without deciding that the same standard applies.

The prosecutor's argument as to the appropriate punishment—20 years' confinement, not probation—was a permissible plea for law enforcement. *See Bacon v. State*, 500 S.W.2d 512, 514 (Tex. Crim. App. 1973) (argument against probation was plea for law enforcement); *Asay v. State*, 456 S.W.2d 903, 905–06 (Tex. Crim. App. 1970) (argument for maximum sentence allowed by law was plea for law enforcement); *Rische v. State*, 834 S.W.2d 942, 948–49 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (argument that jury should assess punishment of confinement instead of probation was plea for law enforcement). Because this argument was unobjectionable, Burse's attorney was not ineffective by failing to object to it.

The prosecutor's argument that Burse did not value human life was a permissible deduction from the evidence. *See Garcia v. State*, 887 S.W.2d 862, 879 (Tex. Crim. App. 1994) (evidence supported state's argument that defendant did not have "regard for human life"). After exhibiting a handgun in Dawson's presence on multiple occasions and firing it into the air in one instance, Burse lured her to his car on the pretext of returning her phone and instead shot her—an act that evinces little or no value for human life. *See Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012) (intent to kill can be inferred from shooting victim with firearm). Even in Burse's own account, in which he asserted that he merely intended to frighten

Dawson, he admitted to pointing a handgun in her direction and firing it, which still evidences a disregard for human life. *See Bell v. State*, 501 S.W.2d 137, 138–39 (Tex. Crim. App. 1973) (intent to kill could be inferred from shooting firearm at another person). The trial court was not obliged to agree with the prosecutor's argument. *See Gaddis v. State*, 753 S.W.2d 396, 400 (Tex. Crim. App. 1988) (purpose of closing is to assist factfinder in drawing proper conclusions from evidence; factfinder is free to accept or reject conclusions proposed by counsel in argument). But the prosecutor was entitled to argue that Burse did not value human life and Burse's attorney therefore was not ineffective by failing to object to this argument.

Burse's complaint about the prosecutor's argument that he almost killed Dawson is a different matter. A handgun is a deadly weapon, and firing it in the direction of another person risks serious bodily injury or death. *See* TEX. PENAL CODE § 1.07(a)(17)(A). But the record does not suggest that Burse almost killed Dawson. According to Dawson, the bullet grazed her, causing a scar. The record does not contain any evidence that her injuries were nearly fatal. The prosecutor's argument therefore was outside of the record and was objectionable for this reason. *See Freeman*, 340 S.W.3d at 728 (reference to facts neither in nor inferable from evidence is improper in closing argument).

9

Nonetheless, Burse has not shown that there is a reasonable probability that the result would have differed had his trial attorney objected to the prosecutor's mischaracterization of Dawson's injuries. Burse pleaded guilty and punishment was tried to the bench. The punishment hearing was brief and the evidence was minimal, straightforward, and largely uncontested. The prosecutor's argument that Burse had almost killed Dawson was confined to a single remark. In assessing punishment, the trial court implicitly indicated that it understood that Dawson did not almost die from her injury; instead, the trial court focused on what could have happened to her if she had not run away after Burse shot her. On this record, it is not reasonably probable that the trial court would have imposed a different sentence on Burse if his lawyer had objected to the prosecution's misstatement. *See Freeman*, 340 S.W.3d at 728–29 (improper argument harmless on record as a whole given brevity of prosecutor's remark, lack of prejudice, and strength of evidence supporting conviction).

### 3. Cruel and unusual punishment

Burse contends that his trial counsel was ineffective in failing to object to his 13-year sentence as cruel and unusual punishment. He reasons that his 13-year sentence is cruel or unusual because he was eligible for probation.

To the extent that Burse's argument rests on his eligibility for community supervision, it fails because he was not eligible for community supervision. The trial court's deadly-weapon finding and its 13-year sentence each made Burse ineligible.

10

TEX. CODE CRIM. PROC. arts. 42A.053(c)(1), 42A.054(b)(1)(A). Even if he had been eligible, however, community supervision is a privilege, not a right. *Speth*, 6 S.W.3d at 533; *Hassan*, 440 S.W.3d at 687. Burse pleaded guilty to the offense of aggravated assault for causing his live-in girlfriend bodily injury by shooting her with a handgun. This is a second-degree felony punishable by a term of imprisonment between 2 and 20 years. TEX. PENAL CODE §§ 12.33(a), 22.02(a)(2), (b). The imposition of a sentence within the range prescribed by a valid statute does not constitute cruel and unusual punishment. *Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App.—Houston [1st Dist.] 1992, no pet.). The trial court's punishment thus was neither cruel nor unusual. *See Young*, 425 S.W.3d at 473–74 (rejecting defendant's argument that 15-year sentence for aggravated sexual assault of a child was cruel and unusual given defendant's eligibility for deferred adjudication); *Combs v. State*, 652 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (rejecting defendant's argument that 20-year sentence for murder was cruel and unusual given defendant's eligibility for probation). Burse's lawyer consequently did not render ineffective assistance by failing to object that Burse's punishment is cruel and usual, because his punishment is not.

## II. Cruel and Unusual Punishment

Burse also contends on the merits that his punishment of 13 years' incarceration is cruel and unusual punishment, given his eligibility for probation. We have rejected this contention in connection with his ineffective-assistance claim.

## CONCLUSION

We affirm the judgment of the trial court.

## SUPPLEMENTAL OPINION ON REHEARING

Burse moves for rehearing. He argues that our analysis of his eligibility for judge-ordered community supervision is inapposite because he remained eligible for deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. arts. 42A.101–.111. Thus, Burse argues, his trial attorney's failure to introduce evidence that he had no felony convictions was ineffective assistance because the trial court could have imposed deferred adjudication instead of 13 years' confinement.

We deny Burse's motion for rehearing, but withdraw our opinion of September 24, 2019, and substitute this opinion, including its supplemental opinion on rehearing, in the original opinion's place. Our judgment remains unchanged.

Burse is correct that he was eligible for deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. arts. 42A.101–.102; *see also State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 647 (Tex. Crim. App. 2018) (whether to grant deferred adjudication rests solely in trial court's discretion). But

12

Burse was not required to show that he had not previously committed a felony to receive deferred adjudication. *See* TEX. CODE CRIM. PROC. arts. 42A.101–.102; *Hampton v. State*, 435 S.W.3d 303, 307 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (trial court may grant deferred adjudication even if defendant has prior felonies). His trial attorney therefore was not deficient in failing to introduce evidence showing that Burse was not a felon. *See Young*, 425 S.W.3d at 472 (attorney was not deficient for failing to file sworn motion seeking deferred adjudication because motion not required to receive deferred adjudication).

Moreover, even if Burse could prove that his attorney's performance was deficient, he could not show prejudice. To do so, Burse must establish that there was a reasonable probability that the trial court would have imposed deferred adjudication if his attorney had proven he had no prior felony convictions. *See Poole v. State*, No. 01-18-01005-CR, 2019 WL 3023975, at *3 (Tex. App.—Houston [1st Dist.] July 11, 2019, no pet.) (mem. op., not designated for publication). Burse pleaded guilty to aggravated assault. He used a deadly weapon, a firearm, during the offense. The record shows that he repeatedly had used this firearm to control or intimidate his victim before the shooting. Given these facts, the trial court stated that probation was not appropriate. On this record, Burse cannot show a reasonable probability that his sentence would have differed but for his attorney's failure to introduce evidence that he had not previously been convicted of a felony. *See id.*

13

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).